[No. 3041–2. Division Two. January 16, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH JOHN MARTELL, *Appellant*.

*Douglas K. Smith*, for appellant.

*Don Herron, Prosecuting Attorney*, and *Joseph D. Mladinov, Senior Deputy*, for respondent.

PEARSON, C.J.—Defendant, Joseph John Martell, appeals from his conviction by a Pierce County jury of criminal trespass in the first degree, RCW 9A.52.070(1). The issue is whether defendant was denied equal protection of the laws under the Fourteenth Amendment by the trial court's refusal to instruct the jury on criminal trespass in the second degree (a misdemeanor), rather than criminal trespass in the first degree (a gross misdemeanor).

The case is before us on a short record. Defendant was charged with burglary in the second degree, RCW 9A.52.030(1), for unlawfully entering or remaining "in a building located at 912 S. 11th Street, Tacoma, known as the New Jerusalem Church of God," with intent to commit a crime therein. Defendant admitted at trial that he was present in the church during the early morning hours of May 24, 1977, and concedes for the purposes of the appeal that his entry into the church or his remaining there was unlawful within the meaning of either RCW 9A.52.070(1) (criminal trespass in the first degree) or RCW 9A.52.080 (criminal trespass in the second degree).

At the conclusion of the testimony, the trial court instructed the jury on RCW 9A.52.030(1) (burglary in the second degree) and RCW 9A.52.070(1) (criminal trespass in the first degree) as a lesser–included offense. Defendant submitted a proposed instruction on RCW 9A.52.080 (criminal trespass in the second degree) and contended that

it was the only lesser–included offense which could constitutionally be given without violating defendant's Fourteenth Amendment right to equal protection under the laws.[1] The trial court refused this instruction. The jury found defendant not guilty of burglary in the second degree, but guilty of criminal trespass in the first degree.

 Defendant makes the same contention on appeal. We agree with defendant's contention that he was denied equal protection of the law by the manner in which the jury was instructed.

The present criminal trespass statutes provide:

> A person is guilty of criminal trespass in the first degree if he knowingly *enters or remains unlawfully in a building* or on real property adjacent thereto or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders.

(Italics ours.) RCW 9A.52.070(1).

> A person is guilty of criminal trespass in the second degree if he knowingly *enters or remains unlawfully in or upon premises* of another.

(Italics ours.) RCW 9A.52.080(1). Under RCW 9A.52.010 "premises" includes "any *building*, dwelling, or any real property". (Italics ours.)

Equal protection of the law under the fourteenth amendment to the United States Constitution and article 1, section 12 of the Washington State Constitution is denied by the existence of two separate criminal statutes which declare identical acts to be criminal, but penalize more severely under one than under the other. *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970); *Olsen v. Delmore*, 48 Wn.2d 545, 295 P.2d 324 (1956).

In viewing the two statutes pertaining to criminal trespass, it is evident that each prescribes different punishment for the same act, namely entering or remaining unlawfully

---

[1] We make no determination of whether criminal trespass is a lesser–included offense of burglary in the second degree.

in a building. While RCW 9A.52.080 uses the word "premises" rather than "building," which term is used in RCW 9A.52.070(1), these two statutes cannot be harmonized on the basis of that distinction. The definitional statute (RCW 9A.52.010) which applies to the entire chapter, includes "buildings" within the meaning of "premises" and precludes such a construction.

Appellant contends that we should attempt to harmonize the two statutes by presuming that the legislature would not have intended a useless or meaningless statute. *State v. Wanrow,* 88 Wn.2d 221, 559 P.2d 548 (1977). He properly points out that our duty is to construe the statutes, if possible, so that both will be purposeful and effective. *State v. Hull,* 86 Wn.2d 527, 546 P.2d 912 (1976). He suggests that we construe RCW 9A.52.070(1) so that the *disjunctive* clause—"*or* upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders"—is construed in conjunctive. (Italics ours.) In this way, he suggests, the clause would modify "building" and the greater crime would apply only to trespasses in or on buildings or real property which are fenced or otherwise enclosed. The lesser crime would apply only to unfenced buildings on real property. The result of such construction in this case would be a reversal of defendant's conviction, since there was no evidence that the subject church was fenced or otherwise enclosed, and the evidence was insufficient to support a charge of criminal trespass in the first degree.

While there is some logical appeal to this construction of the statute, we deem it a legislative function to define the elements of a particular crime. It would be a distortion of the judicial function for us, in the guise of statutory construction, to change a clearly expressed disjunctive element of the crime and declare it to be a conjunctive element. Courts may not modify a statute by construction. *Anderson v. Seattle,* 78 Wn.2d 201, 471 P.2d 87 (1970). Furthermore, the rule that criminal statutes must be strictly construed

dissuades us from making such a declaration. *See In re Carson,* 84 Wn.2d 969, 530 P.2d 331 (1975).

The State does not argue that these two criminal statutes can be harmonized so as to avoid the equal protection violation. However, the State suggests that the problem is avoided if we remand for resentencing on the lesser charge, criminal trespass in the second degree. We agree. Under the facts of this case, defendant concedes the elements of the two degrees of criminal trespass are identical. He sought an instruction on the lesser degree of criminal trespass. The verdict of the jury could not have been reached without finding defendant guilty of entering or remaining unlawfully in the building (premises) in question. RCW 9A.52.080. The jury was instructed in terms of those elements. No prejudice can be asserted if we remand this case to the trial court with instructions to enter an amended judgment of guilty of criminal trespass in the second degree and to resentence accordingly. *See State v. Liles,* 11 Wn. App. 166, 521 P.2d 973 (1974); *People v. Wozniak,* 167 Cal. App. 2d 448, 334 P.2d 689 (1959); *Austin v. United States,* 382 F.2d 129 (D.C. Cir. 1967).

Reversed and remanded.

PETRIE and REED, JJ., concur.