[No. 5264-8-III.   Division Three.   October 2, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS
LEE BRITTAIN, *Appellant*.

---

*Virginia Pickett* and *Pickett & Pickett,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Clark D. Colwell, Deputy,* for respondent.

McINTURFF, J.—Dennis Brittain appeals his conviction of second degree burglary in a jury trial at which he represented himself. The primary issue concerns whether the Superior Court should have appointed new counsel for Mr. Brittain based on his claim the public defender disclosed police reports to Mr. Brittain's mother, contrary to his specific request.

> The determination of whether or not the dissatisfaction with his court–appointed counsel by an indigent accused person is justified and warrants appointment of another attorney rests in the sound discretion of the trial court.

*State v. Shelton,* 71 Wn.2d 838, 840, 431 P.2d 201 (1967). In an opinion filed after the waiver of counsel hearing in the instant case, this court elaborated:

> The problem faced by a defendant who distrusts his attorney is solved by the trial court's inquiry into the defendant's subjective reasons for his distrust. When that hearing occurs, reasons such as those held by [the defendant] will be evaluated by the court. A penetrating and comprehensive examination by the court of the defendant's allegation will serve as the basis of whether different counsel needs to be appointed for direct representation at trial, or for standby purposes. The decision

lies within the sound discretion of the trial court. *State v. Dougherty,* 33 Wn. App. 466, 471, 655 P.2d 1187 (1982).

■ At the pretrial hearing on the issue of waiver of counsel, Mr. Brittain stated:

> Mr. Westerman [an assistant public defender] had a conversation with my mother, and he come [*sic*] down and asked me if I wanted my mother to tell—if he wanted me to tell my mother what was happening in this incident, and I told him no, and later Mr. Cease [the public defender] gave her—you know, told her about the police reports, and so I think there is a confidentiality thing, and I felt that that was violated by the Public Defender's Office.
>
> . . .
>
> . . . *If I cannot get another attorney,* I do not want one from the Public Defender's Office . . . If I cannot get another attorney, then that is what I would like to do is represent myself.

(Italics ours.) Mr. Brittain's waiver of counsel is conditional. He will represent himself *only* if he "cannot get another attorney." However, the Superior Court did not rule on Mr. Brittain's request for *different* counsel. Since his allegations at the very least suggest a possible violation of Canon 4 of the Code of Professional Responsibility,[1] the allegations should have been examined to determine whether a breach of the attorney–client trust relationship had occurred and, if so, whether the breach significantly interfered with the Public Defender's ability to provide Mr. Brittain with effective assistance of counsel. Without such an examination and determination we have no way of reviewing the court's discretionary decision to deny the request for different counsel. Indeed, it appears the Supe-

---

[1]Specifically, CPR DR 4–101 provides:

"(A) . . . '[S]ecret' refers to other information [other than information protected by the attorney–client privilege] gained in the professional relationship that the client has requested be held inviolate . . .

". . .

"(D) A lawyer shall exercise reasonable care to prevent his . . . associates . . . from disclosing . . . secrets of a client . . ."

rior Court made *no* determination on this critical question. It must be observed that *State v. Dougherty, supra,* had not been published at the time this case was being tried.

Accordingly, we hold that Mr. Brittain's waiver of counsel was not knowingly and voluntarily made. The condition of his waiver was never addressed, *i.e.,* his request for different counsel. We therefore reverse Mr. Brittain's conviction and remand for new trial at which he shall be represented by his court appointed counsel on appeal, the public defender having withdrawn from his case.

The following issues may arise on retrial:

First, Mr. Brittain challenges instruction 9, which states:

> In any prosecution for burglary, any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent. However, such inference does not negate the prosecutor's burden of proving each and every element of the crime charged beyond a reasonable doubt.[2]

Mr. Brittain argues this instruction relieved the State of its duty of proving specific intent beyond a reasonable doubt. In *State v. Johnson,* 100 Wn.2d 607, 620, 674 P.2d 145 (1983), the court stated the foregoing instruction was permissible:

> if the defendant produces sufficient evidence on the issue of intent (*see* WPIC 60.05 comment), since under such circumstances production–shifting presumptions are not unconstitutional.

However, the court discouraged the use of said instruction, noting the general instruction on circumstantial evidence (see WPIC 5.01) will almost always be sufficient to inform

---

[2]The instruction is based on RCW 9A.52.040, which provides:

"Inference of intent. In any prosecution for burglary, any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent."

the jury of its right to draw reasonable inferences. *Johnson.*

Second, Mr. Brittain contends evidence of his prior convictions was improper. At trial, Mr. Brittain volunteered that he had been convicted of two misdemeanors, criminal trespass and third degree possession of stolen property, when the prosecutor asked him about past felony convictions. Evidence of these misdemeanors should not be admitted on retrial as they are not within the category of crimes involving "dishonesty" as used in ER 609(a)(2), *i.e.,* crimes, the commission of which involves some element of deceit, fraud, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully. *State v. Burton,* 101 Wn.2d 1, 10, 676 P.2d 975 (1984).

In determining the admissibility, for impeachment purposes, of Mr. Brittain's prior conviction for second degree burglary, the trial court shall consider on the record the factors set forth in *State v. Alexis,* 95 Wn.2d 15, 19, 621 P.2d 1269 (1980), keeping in mind that "the sole purpose of impeachment evidence is to enlighten the jury with respect to the defendant's credibility as a witness." *State v. Jones,* 101 Wn.2d 113, 118, 677 P.2d 131 (1984).

In relation to his prior conviction for second degree burglary, Mr. Brittain also maintains the prosecutor exceeded the bounds of cross examination when he inquired into the circumstances of the crime.[3]

> Cross examination on prior convictions under ER 609(a) is limited to facts contained in the record of the prior conviction: the fact of conviction, the type of crime, and the punishment imposed.

*State v. Coe,* 101 Wn.2d 772, 776, 684 P.2d 668 (1984) (citing *State v. Coles,* 28 Wn. App. 563, 625 P.2d 713 (1981)). However, under ER 404(b), "Evidence of other crimes . . . may . . . be admissible for other purposes, such as proof of . . . absence of mistake or accident."

---

[3]The prosecutor brought out the fact Mr. Brittain, on the occasion of his prior arrest, gave the police the same explanation for his presence in the house as he did for this incident, *i.e.,* he thought he knew the owner and stopped only to use the telephone.

Before evidence of prior crimes . . . can be admitted [under ER 404(b)], the evidence must be shown to be logically relevant to a material issue before the jury. If the evidence is relevant, its probative value must be shown to outweigh its potential for prejudice.

*State v. Coe, supra* at 777 (citing *State v. Saltarelli*, 98 Wn.2d 358, 361–62, 655 P.2d 697 (1982)). *See also State v. Laureano*, 101 Wn.2d 745, 766, 682 P.2d 889 (1984). On retrial, the court must determine whether the circumstances of Mr. Brittain's prior second degree burglary conviction are relevant to show absence of mistake and whether the prejudicial effect of evidence of the conviction is offset by its probative value.[4] "[W]hen a prior conviction has been admitted as substantive evidence under ER 404(b), that same conviction is admissible as a matter of course for impeachment purposes under ER 609(a)." *Laureano*, at 766.

Third, Mr. Brittain asserts the court should have instructed the jury that second degree criminal trespass was a lesser included offense in second degree burglary. He relies on *State v. Martell*, 22 Wn. App. 415, 417, 591 P.2d 789 (1979), which held that the first and second degree criminal trespass statutes in effect at that time violated the defendant's right to equal protection because they provided different penalties for the same act. Those statutes were amended prior to Mr. Brittain's arrest. They now provide:

RCW 9A.52.070 Criminal trespass in the first degree.

---

[4] Mr. Brittain challenges instruction 15:

Evidence that the defendant may have committed a prior crime is not offered as evidence that because he has committed other crimes he is likely to have committed the crime charged, and is not to be considered as such by you.

Evidence of the circumstances of any other crime is only to be considered as it relates to a similar method of operation, if any, tending to show intent, motive, preparation, plan, or absence of mistake. It is to be considered by you for no other purpose except as otherwise explained in these instructions.

If the court on retrial determines the prior convictions are admissible, the foregoing instruction is proper. *Cf. State v. Russell*, 25 Wn. App. 933, 937, 611 P.2d 1320 (1980) (limiting instructions are necessary to eliminate prejudicial effects of prior independent and unrelated crimes admitted into evidence and to ensure that such evidence is restricted to its proper scope).

(1) A person is guilty of criminal trespass in the first degree if he knowingly enters or remains unlawfully in a building.

. . .

RCW 9A.52.080 Criminal trespass in the second degree. (1) A person is guilty of criminal trespass in the second degree if he knowingly enters or remains unlawfully in or upon premises of another *under circumstances not constituting criminal trespass in the first degree.*

. . .

(Italics ours.)

■ The italicized language in the latter statute eliminates the equal protection contention. That is, a defendant can be charged with first degree criminal trespass only if he enters or remains unlawfully in a building. Second degree criminal trespass is applicable only in those situations where the defendant allegedly enters or remains unlawfully on private property not constituting a building, such as fenced land. *State v. Mounsey,* 31 Wn. App. 511, 518, 643 P.2d 892 (1982). Since Mr. Brittain was found in a house, the facts here do not justify a lesser included instruction on second degree criminal trespass.

The judgment of the Superior Court is reversed; the cause is remanded for new trial in accordance with this opinion.

MUNSON, C.J., concurs.
GREEN, J., concurs in the result.