[No. 18868-2-I.   Division One.   March 28, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. EARL THOMAS BROWN, JR., *Appellant.*

874

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Susan Noonan, Deputy,* for respondent.

WEBSTER, J.—Earl Thomas Brown appeals from his conviction of first degree criminal trespass.

On the evening of April 29, 1985, police responded to an alarm at the Puget Sound Tire Company where Brown was located in the fenced area crouched down behind a stack of tires. The Puget Sound Tire Company consists of a main building and a large fenced area used to enclose large truck tires. The manager of Puget Sound Tire arrived at the scene and confirmed that he had locked up the area at 6:30 that evening and that Brown did not have permission to

be in the fenced area. Brown was charged with second degree burglary. The jury found Brown guilty of the lesser included offense of criminal trespass in the first degree.

## DISCUSSION

■ The sole issue on appeal is whether the fenced area of Puget Sound Tire Company constitutes a "building" within the meaning of the first degree criminal trespass statute, RCW 9A.52.070. The primary objective of statutory construction is to carry out the intent of the Legislature. *Bellevue Fire Fighters, Local 1604 v. Bellevue,* 100 Wn.2d 748, 751, 675 P.2d 592 (1984), *cert. denied,* 471 U.S. 1015 (1985); *Christie–Lambert Van & Storage Co. v. McLeod,* 39 Wn. App. 298, 693 P.2d 161 (1984). Where intent is not clear from the statute's language, courts will look to the legislative history. *In re Marriage of Konzen,* 103 Wn.2d 470, 475, 693 P.2d 97, *cert. denied,* 473 U.S. 906 (1985); *Bellevue,* at 751; *McLeod,* at 302.

An examination of the first and second degree criminal trespass statutes before and after their amendment in July 1979 is instructive.

Formerly, criminal trespass in the first degree provided:

(1) A person is guilty of criminal trespass in the first degree if he knowingly enters or remains unlawfully in a building *or on real property adjacent thereto or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders.*

(2) Criminal trespass in the first degree is a gross misdemeanor.

(Italics ours.) Former RCW 9A.52.070.

The former statute for criminal trespass in the second degree stated:

(1) A person is guilty of criminal trespass in the second degree if he knowingly enters or remains unlawfully in or upon premises of another.

(2) Criminal trespass in the second degree is a misdemeanor.

Former RCW 9A.52.080.

Criminal trespass in the first degree now provides:

(1) A person is guilty of criminal trespass in the first degree if he knowingly enters or remains unlawfully in a building.

(2) Criminal trespass in the first degree is a gross misdemeanor.

RCW 9A.52.070.

Criminal trespass in the second degree now provides:

(1) A person is guilty of criminal trespass in the second degree if he knowingly enters or remains unlawfully in or upon premises of another under circumstances not constituting criminal trespass in the first degree.

(2) Criminal trespass in the second degree is a misdemeanor.

RCW 9A.52.080.

▬ In amending the first degree criminal trespass statute, language regarding "adjacent real property" and "fenced" or "enclosed" real property was specifically repealed. Despite the Legislature's attempt to clarify the statute, there is still confusion regarding what constitutes a "building". Under the chapter dealing with burglary and trespass, RCW 9A.52, "premises" includes "any building, dwelling, structure used for commercial aquaculture, or any real property". "Premises", as it is used in the second degree criminal trespass statute, encompasses a broad range of structures and property. First degree criminal trespass may only occur in a "building"; however, the term "building" is not defined under this chapter.

The State relies on the broad definition of "building" found in the definitional section of RCW Title 9A in the Washington Criminal Code. It provides:

In this title unless a different meaning plainly is required:

. . .

(5) "Building", in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building;

RCW 9A.04.110.

The word "building" was expansively defined in *State v. Fleiger*, 45 Wn. App. 667, 726 P.2d 1257 (1986), in the context of burglary statutes. *See also State v. Couch*, 44 Wn. App. 26, 720 P.2d 1387 (1986); *State v. Lira*, 45 Wn. App. 653, 726 P.2d 1015 (1986), *review denied*, 107 Wn.2d 1028 (1987); *State v. Tyson*, 33 Wn. App. 859, 658 P.2d 55 (1983). These cases apply only to the burglary statutes; they do not apply to the criminal trespass statutes. House Judiciary Committee Bill Files 307, at 5 (1979).

There is no doubt regarding the meaning of "building" in light of the report language accompanying the 1979 amendments. It provides in part:

The effect of adoption of the amendments contained in these two sections would be to narrow the scope of the gross misdemeanor first degree criminal trespass offense to trespasses in a *building in its ordinary sense.* The reason for the necessity of the odd appearing phrase "other than a fenced area" is because of the definition of "building" in RCW 9A.04.110(5) which includes fenced areas for purposes of using the term "building" elsewhere in the criminal code, in particular in such areas as arson or burglary. Moreover, all other types of trespasses other than in a building would be covered by the second degree criminal trespass offense graded at the misdemeanor level.

(Italics ours.) House Judiciary Committee Bill Files 307, at 5.

The report language goes on to explain the purpose of the amendments as follows:

The difficulty with present law is that the existing language which adds to trespasses in a building trespasses on various adjacent property or fenced property clearly overlaps with the definition of "premises" which forms the coverage base of the second degree offense. As such, this means that proof of the same elements of an offense could produce convictions of either a gross misdemeanor or a misdemeanor offense depending on which degree of trespass the prosecutor chooses to charge.

House Judiciary Committee Bill Files 307, at 5. Constitutional questions were raised under the former statutes by the wide discretion given to prosecutors in deciding which degree of criminal trespass to charge. *See State v. Martell,* 22 Wn. App. 415, 591 P.2d 789 (1979) (defendant was denied equal protection under the law where elements of first and second degree criminal trespass were the same but the penalties differed).

The Legislature clearly intended to exclude fenced areas from the definition of "building" in the amended first degree criminal trespass statute. Rather, fenced areas were intended to be covered by the broader definition of "premises" in the second degree criminal trespass statute. Washington case law is consistent with the Legislature's intent to exclude certain areas from the scope of the first degree criminal trespass statute. *See State v. Brittain,* 38 Wn. App. 740, 689 P.2d 1095 (1984) (second degree criminal trespass applies to unlawful entry on private property not constituting a building, such as fenced land); *State v. Mounsey,* 31 Wn. App. 511, 518, 643 P.2d 892 (second degree criminal trespass applies to unlawful entry on premises other than a building, such as open grounds or yards), *review denied,* 97 Wn.2d 1028 (1982).

■ The essential elements of criminal trespass in the first degree are not met. Brown did not enter a "building" within the meaning of RCW 9A.52.070. We reverse and remand to the trial court with instructions to enter a conviction for second degree trespass. In *State v. Green,* 94 Wn.2d 216, 234, 616 P.2d 628 (1980), the court held, "[i]n general, a remand for simple resentencing on a 'lesser included offense' is only permissible when the jury has been explicitly instructed thereon." We find no logical reason, when each element of the lesser included offense has been found, that the trial court's failure to instruct on the lesser included offense should prevent this court from directing the trial court to enter such a conviction. *See State v. Plakke,* 31 Wn. App. 262, 267, 639 P.2d 796 (1982), *overruled on other grounds in State v. Davis,* 35 Wn. App. 506,

667 P.2d 1117 (1983), *aff'd,* 101 Wn.2d 654, 682 P.2d 883 (1984). Therefore, we direct the trial court to enter a judgment of second degree criminal trespass.

SCHOLFIELD, C.J., and SWANSON, J., concur.

Reconsideration denied June 16, 1988.