FILED
**SEPT 1, 2016**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32962-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY A. JOSEPH, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Anthony Joseph appeals his conviction for second degree criminal trespass, arguing that the statute does not apply to a vehicle. In light of legislative history, we conclude that the statute does apply to Mr. Joseph's conduct.

## FACTS

Mr. Joseph was found asleep in an unlocked Chevy Blazer on a public street in Ellensburg late on the night of October 4, 2014. An officer responding to a report of vehicle prowling at the city's vehicle impound lot noticed Mr. Joseph sleeping in the Blazer which was parked just outside the impound lot. Recognizing Mr. Joseph and knowing both that he was homeless and did not own a vehicle, the officer knocked on a window to awaken him.

Mr. Joseph exited the vehicle and claimed to have the owner's permission to be inside, but he was unable to name the owner. He then admitted to not having permission and was arrested for vehicle prowling.

The prosecution filed charges of third degree assault and second degree vehicle prowling. The matter ultimately proceeded to jury trial. The prosecutor sought instructions on first and second degree criminal trespass as lesser included offenses of the vehicle prowling charge. The trial court did instruct the jury, over defense objection, on second degree trespass. The prosecutor also asked the court to define the term "premises" for the jury, but did not submit a definitional instruction. The trial court did not define "premises," but allowed the parties to argue to the jury whether a vehicle was or was not a "premises."

The jury found Mr. Joseph guilty of third degree assault, not guilty of vehicle prowling, and guilty of second degree criminal trespass. He then timely appealed to this court, challenging only the latter conviction.

## ANALYSIS

This appeal raises a challenge solely to the trespass conviction. Mr. Joseph contends that the statute does not apply to vehicles and that the trial court therefore erred in instructing the jury on the lesser included offense of second degree trespass. Specifically, Mr. Joseph's challenge argues that a vehicle is not a "premises" within the meaning of the trespass statute. This argument requires review of the history of the statute and judicial interpretations placed on it.

2

Second degree criminal trespass is defined:

> A person is guilty of criminal trespass in the second degree if he or she knowingly enters or remains unlawfully in or upon premises of another *under circumstances not constituting criminal trespass in the first degree.*

RCW 9A.52.080(1) (emphasis added). The crime is a simple misdemeanor. RCW 9A.52.080(2). The crime of first degree criminal trespass applies to anyone who "knowingly enters or remains unlawfully in a building." RCW 9A.52.070(1).

The critical definition at issue here is that of "premises." It "includes any building, dwelling, structure used for commercial aquaculture, or any real property." RCW 9A.52.010(6). Also important is the term "building," which is defined for the criminal code as

> "Building," in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building.

RCW 9A.04.110(5).

Facially, this appears to be a very straight-forward problem. Second degree trespass involves the unlawful intrusion into a "premises." "Premises" is defined to include "building," and that latter term in turn includes "vehicle." Therefore, the transitive property of equality[1] tells us that "vehicle" equals "premises." Although

---

[1] If a=b and b=c, then a=c. JEROME E. KAUFMANN & KAREN L. SCHWITTERS, INTERMEDIATE ALGEBRA 6 (2010).

3

mathematics principles are immutable, many legal principles are not, particularly when they conflict with competing legal doctrines.

Mr. Joseph argues that the definition of "premises" is exclusive and does not encompass "vehicles." He tries to draw support for this contention from some earlier cases addressing an equal protection problem with the former first degree trespass statute and the efforts made to fix it. While he properly points to the right cases, ultimately, they do not aid his argument.

The problem initially was identified in *State v. Martell*, 22 Wn. App. 415, 591 P.2d 789 (1979). The defendant was charged with second degree burglary after being found inside a church building. The court also instructed the jury on the included offense of first degree criminal trespass, but declined to give an instruction on second degree criminal trespass requested by the defendant. *Id.* at 416-17. The defendant was convicted of first degree trespass and appealed, arguing the conviction violated his right to equal protection of the laws. *Id.* Division Two of the Court of Appeals agreed.

The first degree criminal trespass statute at that time applied to anyone who entered or remained unlawfully "in a building or on real property adjacent thereto or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders." *Id.* at 417.[2] Second degree criminal trespass then, as now, applied to anyone

---

[2] *See* LAWS OF 1975, 1st Ex. Sess., ch. 260, § 9A.52.070.

who entered or remained unlawfully "in or upon premises of another." *Id.*[3] The word

"premises" was defined to mean "any building, dwelling, or any real property." *Id.*[4]

Implicitly relying on the criminal code definition of "building," the court pointed

out that both statutes punished trespass in a "building," and, therefore, the defendant's

equal protection rights were violated due to the difference in penalties resulting from the

charging decision. *Id.* at 417-18. As a remedy, the court reduced the conviction to

second degree criminal trespass since the parties agreed the elements of the two statutes

were identical. *Id.* at 419.

The legislature responded as part of an omnibus bill amending portions of the

criminal code. *See* LAWS OF 1979, 1st Ex. Sess., ch. 244. The legislation omitted the

adjacent and fenced real property language from the first degree trespass statute and

added a provision to the second degree trespass statute excluding it from applying to

conduct within the scope of the first degree trespass statute. *Id.* at §§ 12, 13.

Unfortunately, neither the court in *Martell* nor the legislature expressly addressed the

definition of "building" in RCW 9A.08.110.

The issue was back before the appellate courts in *State v. Brown*, 50 Wn. App.

873, 751 P.2d 331 (1988).[5] There the defendant was charged with second degree

---

[3] *See* LAWS OF 1975, 1st Ex. Sess., ch. 260, § 9A.52.080.

[4] *See* LAWS OF 1975, 1st Ex. Sess., ch. 260, § 9A.52.010(1).

[5] *Abrogated by* 174 Wn.2d 288, 274 P.3d 366 (2012).

burglary for entering into a fenced area behind a tire store that was used to store tires. The jury convicted Brown of the lesser included offense of first degree trespass. *Id.* at 874-75. The issue on appeal was whether the fenced area constituted a "building" under the first degree trespass statute. *Id.* at 875. Division One of the Court of Appeals noted that despite the legislative efforts, "there is still confusion regarding what constitutes a 'building.'" *Id.* at 876. The prosecutor relied on the criminal code's definition of "building" set out in RCW 9A.04.110. *Id.*

While noting that the criminal code's "building" definition had been expansively applied in burglary prosecutions, the *Brown* court concluded that expansive definition did not apply to the first degree trespass statute, citing to the 1979 bill analysis from the House Judiciary Committee. *Id.* at 877 (citing House Judiciary Committee Bill Files 307, at 5 (1979)). The bill analysis described the effects of its amendments as limiting the first degree trespass statute to "building in its ordinary sense." *Id.*

Turning to the facts before it, the *Brown* court noted that the "Legislature clearly intended to exclude fenced areas from the definition of 'building' in the amended first degree criminal trespass statute."[6] *Id.* at 878. Instead, fenced areas would be considered

---

[6] The Senate had amended the legislation by striking the words "other than a fenced area" from the House version of the bill. *See* H.B. 307, 46th Leg., Reg. Sess. (Wash. 1979). Ironically, the Senate bill reports indicate that the effect of that change was to include fenced areas within the scope of the first degree trespass statute. *See* SENATE JUDICIARY COMM., ANALYSIS ON H.B. 307 AS OF APRIL 18, 1979, at 2, 46th Leg., Reg. Sess. (Wash. 1979); SENATE JUDICIARY COMM., ANALYSIS ON H.B. 307 AS OF

"premises" under the second degree trespass statute. *Id.* Accordingly, since Mr. Brown

had trespassed into a fenced area rather than a "building," the court reversed his first

degree trespass conviction and reduced it to second degree trespass. *Id.*

Although *Brown* was able to resolve its case due to the apparent intent expressed

in the House bill analysis to exclude fenced areas from the first degree trespass statute,

this case is not as easily resolved. Unfortunately, the legislature did not include any

language that defined the word "building" for purposes of the trespass statute and did not

address the criminal code's definition of "building." Instead, the legislature appears to

have treated the word "building" as having its normal meaning of an enclosed structure[7]

without enacting any language to express that view. However, merely excluding fenced

areas from the definition of building, while describing something a building is not, failed

to affirmatively describe what a building is supposed to be.

Nonetheless, the legislative action does give us some clues whether we should

treat a "vehicle" as a "building" (and, thus, as a "premises"). The legislature did not

believe the criminal code definition of "building" applied to the first degree trespass

---

MARCH 1, 1979, at 2, 46th Leg., Reg. Sess. (Wash. 1979). *Brown* did not address the
Senate bill analysis.

[7] In part, building is defined as "a constructed edifice designed to stand more or less
permanently, covering a space of land, usu. covered by a roof and more or less completely
enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or
other useful structure — distinguished from structures not designed for occupancy (as
fences or monuments)." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 292 (1993).

7

statute, although it did apply to the burglary provisions of the same chapter of the criminal code. It did, as *Brown* observed, thereby apply a nontechnical definition of "building" to the first degree trespass statute. Further support for that view comes from the acknowledged fact that the 1979 amendments were enacted in order to avoid the equal protection problem identified by *Martell. See Brown*, 50 Wn. App. at 877-78 (discussing House bill analysis). If the broad definition of "building" applicable to the rest of the criminal code did apply to the first degree trespass statute, the two trespass statutes would remain coextensive and the problem would remain unsolved.[8] The nonadoption of a technical definition appears to indicate legislative satisfaction with use of the ordinary meaning of the term in the first degree trespass statute.

Accordingly, we conclude, as did *Brown*, that the legislature intended the term "building" in the first degree trespass statute to have its ordinary meaning of a constructed edifice designed for occupancy.[9] It also appears that the term "premises"

---

[8] The exclusion of the fenced area language from the 1975 first degree trespass statute did not remove the fenced area language from the criminal code definition of building.

[9] One obvious problem with adopting this definition is that it appears that first degree criminal trespass, having a much narrower definition of "building" than that used in the burglary statute, is unlikely to satisfy the *legal prong* of our test for lesser included offenses because it is not necessarily established by proof of the greater crime. *See State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978) and its progeny. *But see State v. Mounsey*, 31 Wn. App. 511, 643 P.2d 892 (1982) (applying criminal code definition of "building" to first degree criminal trespass and finding it to be an included offense of burglary).

used in the second degree trespass statute is intended as a broad, catch-all provision since the 1979 amendment only excludes the narrow, ordinary "building" from the second degree trespass statute. *Accord State v. Brittain*, 38 Wn. App. 740, 746, 689 P.2d 1095 (1984) (second degree trespass applies to all situations other than entry into a building). This, too, is consistent with the broad definition of "building" found in RCW 9A.04.110. Consistent with that definition, we therefore hold that a "vehicle" is a "premises" for purposes of the second degree criminal trespass statute.[10]

The trial court correctly instructed the jury on the included offense of second degree criminal trespass. The evidence supported the jury's verdict. The conviction is affirmed.

Affirmed.

WE CONCUR:

Korsmo, J.

Siddoway, J.

Lawrence-Berrey, A.C.J.

---

[10] *See State v. Shelby*, 61 Wn. App. 214, 220, 811 P.2d 682 (1991) (while discussing equal protection argument, court states without analysis that second degree criminal trespass does not apply to vehicles).

9