**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.



FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE NOV 2 2 2017
Fairhurst. CJ.
CHIEF JUSTICE

This opinion was filed for record

at 8:00 am on Nov 22, 2017

_____, Deputy

for SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 93710-9 |
| Respondent, | |
| v. | EN BANC |
| ANTHONY A. JOSEPH, | |
| Petitioner. | Filed NOV 2 2 2017 |

STEPHENS, J.—Anthony Albert Joseph was convicted of second degree criminal trespass as a lesser included offense of second degree vehicle prowling. He challenges his conviction on the ground that unlawful entry into a vehicle is not a trespass "in or upon premises of another." RCW 9A.52.080(1). This case presents a challenging question of statutory interpretation because of the overlapping and intersecting definitions of "building" and "premises" in Title 9A RCW. The Court of Appeals affirmed Joseph's conviction, concluding that a vehicle is a "premises" for the purpose of the second degree trespass statute because a vehicle is a type of

"building" and "premises" includes "any building." *See State v. Joseph*, 195 Wn. App. 737, 739, 744, 381 P.3d 187 (2016), *review granted*, 187 Wn.2d 1009, 388 P.3d 497 (2017). We affirm the Court of Appeals.

## FACTS AND PROCEDURAL HISTORY

On October 4, 2014, police responded to a report of vehicle prowling. The responding officer found Anthony Joseph asleep in an unlocked Chevy Blazer on a public street in Ellensburg. The officer recognized Joseph and knew that he was homeless. The officer contacted Joseph and told him to exit the vehicle.

Initially, Joseph said that he had the owner's permission; however, he then admitted he did not, and was arrested for vehicle prowling. The State filed charges of third degree assault and second degree vehicle prowling.[1] The matter proceeded to a jury trial. The State sought jury instructions on first and second degree criminal trespass as lesser included offenses of the vehicle prowling charge. The trial court refused to instruct the jury on first degree trespass, but instructed the jury on second degree trespass, over Joseph's objection. The State asked the court to define the term "premises" used in the second degree criminal trespass statute, but did not

---

[1] The third degree assault charge was based on Joseph spitting on the arresting officer. The jury found Joseph guilty on that charge, and it is not at issue here.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

submit a definitional instruction. The trial court did not define "premises," but allowed the parties to argue whether this term included a motor vehicle.

The jury acquitted Joseph of vehicle prowling, but found him guilty of second degree criminal trespass. Joseph appealed, and the Court of Appeals, Division Three affirmed his conviction, holding that a motor vehicle constitutes premises for purposes of second degree criminal trespass. *See Joseph*, 195 Wn. App. at 744.

## ANALYSIS

This case presents a question of statutory interpretation under chapter 9A.52 RCW. That chapter encompasses the related crimes of burglary, criminal trespass, and vehicle prowling. At issue is whether second degree criminal trespass is a lesser included offense of second degree vehicle prowling. While only these two offenses are directly before us, our analysis must take into account the context and potential impact of our holding on the interpretation of interrelated statutes in this chapter. *See, e.g.*, *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014) (statutory meaning is derived "from the context of the entire act").

A person is guilty of criminal trespass in the second degree when "he or she knowingly enters or remains unlawfully in or upon premises of another under circumstances not constituting criminal trespass in the first degree." RCW 9A.52.080(1). First degree criminal trespass, in turn, occurs when a person

"knowingly enters or remains unlawfully in a building." RCW 9A.52.070(1). RCW 9A.52.010(3) defines "premises" to include "any building, dwelling, structure used for commercial aquaculture, or any real property." No provision in chapter 9A.52 RCW defines "building," but that term is defined at the title level for the criminal code:

> [U]nless a different meaning plainly is required:
>
> . . . .
>
> (5) "Building," in addition to its ordinary meaning, includes any dwelling, fenced area, *vehicle*, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building.

RCW 9A.04.110(5) (emphasis added); *see also State v. Lira*, 45 Wn. App. 653, 658, 726 P.2d 1015 (1986) (recognizing title-level "building" definition applies to burglary statute under chapter 9A.52 RCW, as "'[t]o ignore a definition section is to refuse to give legal effect to a part of the statutory law of the state'" (quoting *State v. Taylor*, 30 Wn. App. 89, 95, 632 P.2d 892 (1981))).

In 1979, the Court of Appeals identified a potential constitutional problem posed by the overlapping definitions of "premises" and "building" as applied to criminal trespass offenses. *See State v. Martell*, 22 Wn. App. 415, 591 P.2d 789 (1979). Martell was charged with second degree burglary for unlawfully entering a church; the trial court instructed the jury on the lesser included offense of first degree

-4-

*State v. Joseph (Anthony A.)*, 93710-9

trespass but refused to instruct the jury on second degree trespass. *Id.* at 416-17.

After the jury convicted him of first degree trespass, Martell appealed on the ground

that he was denied equal protection of the law. *Id.* The Court of Appeals agreed,

stating:

> In viewing the two statutes pertaining to criminal trespass, it is evident
> that each prescribes different punishment for the same act, namely entering
> or remaining unlawfully in a building. While RCW 9A.52.080 uses the word
> "premises" rather than "building," which term is used in RCW 9A.52.070(1),
> these two statutes cannot be harmonized on the basis of that distinction. The
> definitional statute (RCW 9A.52.010) which applies to the entire chapter,
> includes "buildings" within the meaning of "premises" and precludes such a
> construction.

*Id.* at 417-18.

In 1979, the legislature, in response to the equal protection problem outlined

in *Martell*, amended both the first degree and second degree criminal trespass

statutes. It deleted "or on real property adjacent thereto or upon real property which

is fenced or otherwise enclosed in a manner designed to exclude intruders" from first

degree criminal trespass, and also added a limiting provision to second degree

criminal trespass: "under circumstances not constituting criminal trespass in the first

degree." LAWS OF 1979, Ex. Sess., ch. 244, §§ 12, 13. The legislative bill report

stated,

> The effect of adoption of the amendments contained in these two sections
> would be to narrow the scope of the gross misdemeanor first degree criminal
> trespass offense to trespasses in a building in its ordinary sense. The reason

-5-

> for the necessity of the odd appearing phrase "other than a fenced area" is because of the definition of "building" in RCW 9A.04.110(5) which includes fenced areas for purposes of using the term "building" elsewhere in the criminal code, in particular in such areas as arson or burglary. Moreover, all other types of trespasses other than in a building would be covered by the second degree criminal trespass offense graded at the misdemeanor level.

H.B. REP. on H.B. 307, at 5, 46th Leg., Reg. Sess. (Wash. 1979).

Though the bill report did not consider how the amendments would affect interpretation of the term "building" in chapter 9A.52 RCW, subsequent Court of Appeals decisions did. In *State v. Mounsey*, 31 Wn. App. 511, 518, 643 P.2d 892 (1982) and *State v. Brittain,* 38 Wn. App. 740, 746, 689 P.2d 1095 (1984), the court rejected arguments that a jury should be instructed on second degree criminal trespass as a lesser included offense of second degree burglary. Focusing on the amended language in the second degree burglary statute limiting its reach to "circumstances not constituting criminal trespass in the first degree," RCW 9A.52.080(1), the Court of Appeals interpreted the term "building" for purposes of criminal trespass to mean only a building in its ordinary sense. The court therefore held that second degree criminal trespass applies to "premises other than a building, *i.e.,* open grounds, yards, etc." *Mounsey*, 31 Wn. App. at 518; *see also Brittain*, 38 Wn. App. at 746 ("Second degree criminal trespass is applicable only in those situations where the defendant allegedly enters or remains unlawfully on private property not constituting a building, such as fenced land.").

*State v. Joseph (Anthony A.)*, 93710-9

Following these cases, the Court of Appeals recognized in *State v. Brown* that confusion remained in light of the overlapping definitions of "premises" and "building." 50 Wn. App. 873, 751 P.2d 331 (1988), *abrogated in part by In re Pers. Restraint of Heidari*, 174 Wn.2d 288, 274 P.3d 366 (2012). The defendant in *Brown* was charged with second degree burglary for entering a fenced area behind a tire store, and a jury convicted him of the lesser included offense of first degree trespass. On appeal, he argued that a fenced area is not a "building" for purposes of the first degree trespass statute notwithstanding the broad definition of "building" in RCW 9A.04.110. *Id.* at 875. The Court of Appeals agreed. Relying on the legislative history noted above, the court determined that a fenced area does not fall within the definition of "building" for first degree trespass because "building" under that statute has only its ordinary meaning. Locations such as fenced areas "were intended to be covered by the broader definition of 'premises' in the second degree criminal trespass statute." *Id.* at 878. The court vacated Brown's first degree trespass conviction and remanded with instructions to enter judgment for second degree trespass. *Id.* at 879.

This approach to distinguishing first degree and second degree criminal trespass has been incorporated into the pattern instructions often used by trial courts. Relying on *Brown*, the Washington Pattern Instructions Committee recommends

-7-

that courts not use the title-level "building" definition when instructing juries on first degree trespass. *See* 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 60.16 note on use (4th ed. 2016) (WPIC). The WPIC instructs:

> Do not use WPIC 2.05 (Building—Definition) with this instruction. If criminal trespass is presented to the jury as a lesser included offense of burglary, additional instructions may be needed to explain that there is a separate definition of building for burglary and a separate definition of building for criminal trespass.

*Id.* (citing *Brown*, 50 Wn. App. 873).[2]

The Court of Appeals in this case largely followed the analysis in *Brown*. *See Joseph*, 195 Wn. App. at 743 ("[W]e conclude, as did *Brown*, that the legislature intended the term 'building' in the first degree trespass statute to have its ordinary meaning of a constructed edifice designed for occupancy.").[3] The Court of Appeals noted that the legislature had not taken further action to amend the statutes in response to *Brown*, suggesting its agreement with that interpretation. *See Joseph*, 195 Wn. App. at 743 ("The nonadoption of a technical definition appears to indicate

---

[2] WPIC 2.05 (Building—Definition) is substantively identical to the title-level building definition found in RCW 9A.04.110(5). 11 WPIC 2.05 (4th ed. 2016).

[3] *See, e.g.*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 292 (2002) (defining "building" as "a constructed edifice designed to stand more or less permanently, covering a space of land, usu[ally] covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure — distinguished from structures not designed for occupancy (as fences or monuments)").

legislative satisfaction with use of the ordinary meaning of the term [building] in the first degree trespass statute.").

The Court of Appeals recognized, however, that Joseph's case poses a question unanswered by *Brown*: whether the title-level definition of "building" that includes "any . . . vehicle" applies to define the scope of "premises" for second degree trespass. RCW 9A.04.110(5); RCW 9A.52.010(3). Joseph maintains that the definition of "premises" in RCW 9A.52.010(3) presents an exclusive list, which does not include a motor vehicle. Just as the Court of Appeals in *Brown* rejected application of the broad title-level definition of "building" to first degree criminal trespass, he would have us reject a broad reading of that term for second degree criminal trespass. *See* Pet. for Review at 7; Br. of Appellant at 10.

This reasoning, while supported by some degree of logical symmetry, fails to account for the history of the amendments to the criminal trespass statutes. The 1979 amendments were designed to narrow first degree criminal trespass to avoid the equal protection problem identified in *Martell*. It effectuates legislative intent to read the term "building" in RCW 9A.52.070(1) without reference to the expansive, title-level definition of "building" because "a different meaning plainly is required." RCW 9A.04.110. But, the same cannot be said of second degree criminal trespass. In context, it makes sense that first degree criminal trespass—the more serious, gross

misdemeanor—should be limited to "buildings" in the ordinary sense, while second degree criminal trespass serves as a "catchall provision" for all other unauthorized entries into locations contemplated under the trespass statutes. *Joseph*, 195 Wn. App. at 743. The title-level definition of "building" thus aligns with the chapter-level definition of "premises" to describe locations including ordinary buildings, dwellings, or fenced land, as well as vehicles, railway cars, cargo containers, "or any other structure used for [certain purposes]." RCW 9A.04.110(5). Any potential overlap with first degree criminal trespass due to using the broad definition of "building" is precluded by the amended language limiting second degree criminal trespass to "circumstances not constituting criminal trespass in the first degree." RCW 9A.52.080(1).

We conclude that the legislature plainly intended second degree criminal trespass to encompass trespass into any "building" as defined in the criminal code, RCW 9A.04.110(5), save for trespass into a building in its ordinary sense. This interpretation properly restricts first degree trespass to unlawful entries into ordinary "buildings," a descriptor that needs no further definition. The more severe charge (a gross misdemeanor) is justified by the increased likelihood of trespass into a home or business. All other trespasses fall under the term "premises" and are treated as simple misdemeanors. RCW 9A.52.080. This includes trespasses into premises that

are "buildings" broadly conceived, but are not ordinarily thought of as buildings—as relevant here, vehicles. *See* RCW 9A.04.110(5) ("'Building,' in addition to its ordinary meaning, includes any . . . vehicle.").[4]

Under this interpretation, the trial court properly instructed the jury on second degree criminal trespass as a lesser included offense of second degree vehicle prowling. Because the evidence supports the jury's verdict, we affirm Joseph's conviction.

---

[4] Apart from arguing that Joseph trespassed in a "building" as defined in RCW 9A.04.110(5), the State suggests that the vehicle in which Joseph was sleeping also qualifies as a "dwelling" because he was using it for "lodging" at the time of arrest. *See* State's Suppl. Br. in Resp. to Pet. for Review at 2-3. While a dwelling falls within the definition of "premises" for second degree trespass, we reject the notion that the Chevy Blazer was a "dwelling." To accept the State's argument, we would have to conclude that Joseph's conduct in finding a place to sleep turned that place into a dwelling and thereby made the conduct illegal. This would be ironic at best and, moreover, unfair.

Stephens, J.

WE CONCUR:

Fairhurst, C.J.

Wiggins, J.

González, J.

Madsen, J.

Geo M. Cox, Jr.

Owens, J.