[No. 449. Decided June 30, 1892.]

LOUIS HENSCHEL, *Respondent*, v. THE OREGON FIRE AND MARINE INSURANCE COMPANY, *Appellant*.

FIRE INSURANCE—NEGLECT OF AGENT—ESTOPPEL.

Where the assured under a policy of fire insurance delivered his policy to the agent of the insurer, who promised to indorse thereon consent to the removal of the goods insured from one building to another, the agent having power to make such indorsement, and, while the policy was in the agent's hands the goods were destroyed after removal, and before such consent was indorsed thereon, the insurer is estopped from setting up the neglect of its own agent in order to relieve itself of liability. (HOYT, J., and ANDERS, C. J., dissent.)

*Appeal from Superior Court, Pierce County.*

Action by Louis Henschel against The Oregon Fire & Marine Insurance Company to recover on an insurance policy for the loss of goods contained in his clothing store in Tacoma, Washington. Judgment for plaintiff, and defendant appeals.

*Milt· n W. Smith,* and *Ben Sheeks (Walter A. Perry,* of counsel), for appellant.

*Tripp, Town, Likens & Dillon,* for respondent.

The opinion of the court was delivered by

STILES, J.—The respondent's goods were insured by the appellant "while contained in the two-story and basement frame building" described, and desiring to move them to a building several blocks distant, in the City of Tacoma, he delivered his policy to appellant's agent, who promised to indorse appellant's consent to the removal upon the policy, in writing, and return it to him.    Before the indorsement was made the building to which the goods had been in the meantime removed was burned, and a loss occurred.    The agent then indorsed a cancellation upon the policy, the appellant disclaimed liability, and in this action respondent recovered the full amount of the insurance.

The sole contention here is as to the effect which should be given to the following clause in the policy:

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon, or added hereto, and no officer, agent or representative of this company shall have power to waive any provisions or conditions of this policy, except such, as by the terms of this policy, may be the subject of agreement indorsed herein or added hereto; and, as to such provisions and conditions, no officer, agent or representative shall have such power, or be deemed, or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege, or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The appellant substantially claims for this clause the construction that until its consent was physically indorsed upon the paper the property of the respondent was unpro-

tected in its new location, notwithstanding the agreement of the agent to indorse the necessary consent, and his receipt and retention of the policy for that purpose. The respondent claims that the conduct of the agent estops the appellant to say that the proper indorsement was not made.

Appellant's counsel have presented us many eminent authorities upon the subject of the waiver of conditions in such contracts by agents, but with due respect to the learning of counsel and the force of the authorities they produce, we cannot regard this as a case of technical waiver. We do not find that the respondent is proposing to strike from the policy a single line or word, but that, fully recognizing the binding force of the extremest stipulations against him, he went to the agent and himself proposed a strict compliance with them. To this proposition the agent assented and agreed, not that anything should be waived, but that he himself would indorse upon the contract the words necessary to cover the goods in their new location; and now the respondent, invoking the equitable rule that since he has relied upon the promise made to him, what was agreed to be done shall be taken as having been done, claims that the contract is what it, but for the negligence of the agent, undoubtedly would have been.

The only material question then is whether the agent had power to make the required indorsement in writing. He assumed to have it, for he agreed to do it, and received the policy for that purpose, thus lulling the respondent into a feeling of security, and in all probability preventing him from procuring insurance elsewhere. And, while there is no evidence on the subject disconnected from the policy itself, we think that, as a fact, he did have the authority. The appellant was a foreign corporation whose agent he was at Tacoma. This policy was, and presumably all policies issued by him were, in printed form, with the signa-

tures of the president and secretary stamped, and only requiring the written signature of the agent to make it complete. He was a local general agent, who, in the absence of some restriction of his authority brought home to the respondent, was as to him the appellant itself.

*Maryland F. Ins. Co. v. Gusdorf,* 43 Md. 506, is a case on all fours with this one in pleadings, conditions of policy and facts, except there the facts tended to show a waiver only. The court, speaking of the position of the plaintiff, after receiving the assurance of the company that he could remove his goods without the indorsement, and acting upon it, said:

"By so acting he did that which prejudiced his interest under the policy. He thereby gave the company the advantage of retaining the premium without further continuance of the risk, and also the advantage of setting up this defense against their liability after the loss had occurred. Would not the success of this defense operate a fraud upon the assured? We think it clear the company ought to be and are estopped from making it. Whilst the law affords ample protection to these companies, as well as to individuals, against frauds, misrepresentations and breaches of warranty, it will not and ought not to help them to perpetrate frauds upon those with whom they make contracts, in which good faith on both sides, as well in their continuance, as origin, has always been regarded as a ruling consideration."

So in this case, the appellant, having received the premium for a year's insurance, now, without any offer to return any portion of the unearned premium, sets up what we deem an unconscionable defense when it claims that after actually insuring the respondent less than thirty days, the neglect of its own agent to do what he ought to have done should relieve it of all liability.

Judgment affirmed.

SCOTT and DUNBAR, JJ., concur.

HOYT, J. (*dissenting*).—I am unable to agree with the conclusions arrived at by the majority of the court in this case.    If we apply to the facts shown by the record the ordinary rules which govern the subject of agency, it seems to me that a different conclusion must be reached.    By its policy the appellant had stipulated as a condition thereof that no waiver of its terms should be made by any agent of the company, except in a certain way therein specified. This stipulation had been fully agreed to by respondent by accepting such policy.    Under such circumstances he was bound by such stipulation, and the conditions of the policy could not be waived excepting in accordance therewith so long as it remained in force.

The main object of this stipulation was to prevent any question of fact arising as between the company and the assured.    The business of an insurance company is such that it must be transacted largely through the medium of agents.    It is, therefore, of vital importance that it should be allowed to limit the authority of such agents to such an extent as will put its business upon a secure and certain basis.    To this end it is reasonable that the company should stipulate that in any action which may be had as between the agent and the assured, the evidence of such action shall be reduced to writing before the company will be bound thereby.    The stipulation in the policy under consideration was a reasonable one for that purpose, and having been consented to by the assured should have force.

This is not the case of such a condition in the policy as makes it void at the time of delivery.    It may well be urged that such a condition ought not to be enforced as against the assured.    If it is, the company is put in the position of receiving the money of the assured, and giving him in consideration therefor a policy which, though *prima facie* valid, is, in fact, void and of no effect.    Many of

the courts have held that such a condition in a policy could not be enforced, for the reason that to allow the company to keep the money of the assured, when in fact nothing of real value was given in return, would be inequitable.

In this case no such question arises. As we have seen, the policy when it was delivered was entirely valid; as a part of it there was this stipulation that none of its conditions should be waived, excepting by written indorsement thereon. This stipulation was clearly a limitation upon the powers of the agent, and relieved the company from responsibility for any action of such agent by which he sought to waive any of the conditions of the policy unless such acts were in accordance with such stipulation.

This seems to me clear upon well understood rules governing the relation of principal and agent. The principal is never bound by the acts of an agent if he acts outside of his authority. As between the principal and the agent, this is a universal rule as far as I know. As between the principal and persons dealing with the agent, it is a like universal rule if the limitation upon the authority of the agent is brought home to the knowledge of the persons with whom he thus deals. In this case there can be no doubt but that the condition under consideration was, as between the principal and the agent, a binding limitation upon the authority of such agent. And the same having been by the assured fully consented to, I know of no rule of construction which will allow him to avoid the effect thereof.

By the construction given to this condition by the majority of the court, the company is left at the mercy of those who hold its policies. A policy holder and the agent may enter into ever so corrupt a combination to defraud the principal, and in pursuance thereof, the agent do things which, under his authority as agent, he is absolutely prohibited from doing, and yet the assured, who has full

31–4 WASH.

knowledge that the agent is thus exceeding his authority, reap the benefit of such conspiracy.   Or, the assured may allege and prove, against the testimony of the agent, such waivers on his part as materially change the terms of the contract as between the principal and the assured, and es-tablish facts by oral testimony, which, by solemn stipula-tion as between him and the principal, he has agreed shall only be evidenced by a written instrument.   The hardship that such a modification of the rule as to agency would cause is well illustrated by the case at bar.   The principal and assured had solemnly agreed that the conditions of the policy should not be changed or modified in any degree whatever without such modification being evidenced by an indorsement in writing upon the policy itself.   If this condition of the policy was given force, there could never have arisen a question of veracity in regard to the waiver of any of the conditions of the policy as between the as-sured and the agent of the company.   To prevent any such question of veracity being raised, the stipulation in ques-tion was a reasonable and proper one.   The company deal-ing, as we have seen, with those at great distance from its principal office, has a right to protect itself in this manner; to the end that it may not be called upon to try disputed questions of fact upon oral proof in every court where it has an agency.

In the investigation of any fact upon such proof, the com-pany will always be at great disadvantage; the assured will have every advantage; he will be at home among friends, while the company will be away from home and among strangers.   In the case at bar the assured testified clearly enough to such facts as would, in the absence of a stipula-tion to the contrary, have constituted a waiver of the con-ditions of the policy which was alleged to have been violated.   The agent testified to a directly contrary state of facts.   The finding of the jury was, as it ever will be

under such circumstances, in favor of the assured.    It was to prevent such an issue being determined by proofs of this kind that the stipulation was inserted in the policy. Under such stipulation, no evidence of any acts on the part of the agent, whereby he sought to waive any of the conditions of the policy, could be shown excepting by an instrument in writing indorsed on such policy.    It follows that, in my opinion, the court erred in receiving the oral testimony of such waiver.

ANDERS, C. J., concurs.

### ON PETITION FOR REHEARING.

STILES, J.—On petition for rehearing appellant urges that the court erred in assuming that the record showed payment of the premium, the same having been denied by the general issue contained in the answer.

We think, without particular investigation, that it may well be doubted whether such a denial is sufficient to raise an issue upon the question of payment. The same attempted issue also denied the issuance of the policy, which was a false denial. At the trial the respondent produced the policy, and the evidence from both sides was that it had been delivered to him. The consideration recited in the policy was eighty dollars, and the instrument was a receipt for the money. Certainly there was no necessity for requiring further *prima facie* proof of the payment. If there was any dispute upon the point of payment, it has not been perpetuated in the statement, and we, as well as the jury, have the right to assume the fact to be as recited, that it was in consideration of so much money that the policy was delivered.

Upon the other and main point in the case, after re-examining it we are more strongly of the opinion that this was not a case of waiver, as are ninety-nine of every hundred insurance cases where some act of the agent is claimed

to bind his principal in the face of conditions in the policy. But, treating the agreement to maintain the insurance on the goods in some building other than that named in the policy as a waiver, there is still, in our view, a very clear distinction between an agreement on the part of the agent to waive in the precise manner provided for in the policy under authority delegated to him by his principal, and an agreement to waive, made without authority, or to be executed in a manner forbidden by the contract. In the former case the insured may be most easily misled to his prejudice, while in the latter he can have no reasonable excuse or complaint if his insurance is lost. In the one instance he follows the terms of his policy strictly, and cannot be made to suffer for the neglects of the company's authorized agent; but in the other his own departure from the terms of his contract works his destruction.

Rehearing denied.

DUNBAR and SCOTT, JJ., concur.