[No. 2603.   Decided September 17, 1897.]

THE STATE OF WASHINGTON, *Appellant*, v. ALFRED J. SYMES, *Appellant*.

CRIMINAL LAW — TIME OF APPEAL — HOMICIDE — POWER OF COURT TO REDUCE FINDING OF JURY.

Under Laws 1895, p. 82, an appeal in a criminal case is ineffectual unless taken within ninety days after the entry of final judgment.

Where, upon a motion for a new trial upon the ground that a verdict of murder in the first degree is contrary to the evidence, the court finds the evidence insufficient to support the verdict, it is beyond the power and discretion vested in the court to substitute its own finding that the crime was murder in the second decree and give judgment accordingly.

Appeal from Superior Court, Adams County.—Hon. WILLIAM H. UPTON, Judge.   Reversed.

*M. O. Reed*, for appellant.

*O. R. Holcomb*, Prosecuting Attorney, *C. Staser*, and *J. W. Merritt*, for The State.

The opinion of the court was delivered by

GORDON, J.—The defendant was charged with the offense of murder in the first degree and upon the trial the following verdict was rendered:

" We, the jury [in the above entitled cause], find the above named defendant [Alfred J. Symes] guilty of murder in the first degree.

" D. BUCHANAN, Foreman."

The legal sufficiency of the information is not questioned.   Upon his motion for a new trial below, and in his brief in this court, numerous errors in the proceedings of the trial court were and are assigned by the appellant.

The disposition which we have concluded must be made of the case renders it unnecessary that many of the errors assigned should be considered, as an examination of them convinces us that they pertain to questions not likely to arise upon a new trial. Among other grounds in support of a motion for a new trial, it was urged that the verdict was contrary to the evidence, and upon consideration of the motion the trial court entered an order from which we quote the following:

"And it appearing to the court that said verdict is contrary to law and evidence in so far as it finds said defendant guilty of a higher grade of crime than murder in the second degree, but ought to stand with the force and effect of a verdict of guilty of murder in the second degree; now therefore, it is considered and adjudged by the court that the said defendant upon the said verdict is guilty of the crime of murder in the second degree," etc.

Thereupon the court proceeded to judgment and sentence accordingly, and from such judgment, which was rendered on the 3d day of January, 1896, the defendant has appealed.

On December 15, 1896, the state also served and filed a written notice of appeal. We think we are without jurisdiction to entertain the appeal upon the part of the state, for the reason that notice was not given until after the time fixed by the statute in which an appeal is permitted to be taken. The last clause of section 1 of the act of March 11, 1895 (Session Laws, p. 82), is as follows:

"In criminal causes an appeal must be taken within ninety days after the entry of final judgment."

Coming now to the consideration of the main question urged by the defendant, we are of the opinion that the court exceeded its authority in entering judgment finding the defendant guilty of murder in the second degree upon

the verdict rendered by the jury. The case here is not one where the court below has rendered an erroneous judgment upon a verdict which it has permitted to stand. If it were such a one we doubt not that it would be proper to direct that court to proceed to judgment upon the verdict in accordance with the requirements of law, but in the present case it was the province of the lower court to determine, upon the motion for a new trial, whether the evidence was legally sufficient to sustain the verdict, and this determination involved the exercise of a discretion which will not be disturbed here when the record shows a substantial conflict in the testimony. *Rotting v. Cleman*, 12 Wash. 615 (41 Pac. 907); *Rinehart v. Watson*, 11 Wash. 526 (40 Pac. 127); *Corbitt v. Harrington*, 14 Wash. 197 (44 Pac. 132).

The fact that the trial court found that the verdict of murder in the first degree was contrary to the evidence precludes us from remanding the cause with directions to render judgment in conformity with the verdict, notwithstanding our opinion that the evidence was legally sufficient to sustain the verdict, because its legal sufficiency became a question which the law committed to the discretion of the trial judge and that discretion is not reviewable here in the present case in which the state does not appear as a party appealing. The learned trial judge was of the opinion that the judgment herein was in accord with the decisions of this court in *Blanton v. State*, 1 Wash. 265 (24 Pac. 439); *State v. So Ho Ge*, 1 Wash. 275 (24 Pac. 442), and *State v. Freidrich*, 4 Wash. 204 (29 Pac. 1055). The question involved in *Blanton v. State, supra*, and *State v. So Ho Ge, supra*, was one of pleading, and the disposition made of those cases rested upon an entirely different principle from that involved in this case. The case of *State v. Freidrich, supra*, in-

volved a construction of § 1429, vol. 2, Hill's Code, which section relates solely to the power and authority of this court in disposing of cases upon appeal. We are unanimously of the opinion that the present judgment cannot be sustained upon the authority of that case. Under § 1319, 2 Hill's Code, it is the province of the jury to determine from the evidence the degree of a defendant's guilt, and for the trial court to ignore such verdict and substitute its own finding therefor constitutes an invasion of the province of the jury not warranted by any provision of our law. Whether, upon principle or under the statute, the power resides in the appellate court to direct judgment to be entered for a lesser degree of the offense than that found by the jury is not a question necessary to be determined in this case. In *State v. Freidrich, supra*, the court as then constituted concluded that the power was vested by virtue of § 1429, *supra*. The present controversy does not present any question involved in *State v. Freidrich*, and our conclusion is that, having found the evidence insufficient to support the verdict as rendered, it was the duty of the lower court to have awarded a new trial, and for that purpose the judgment will be reversed and the cause remanded.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.