[No. 85653-2.    En Banc.]
Argued November 8, 2011.    Decided April 19, 2012.

*In the Matter of the Personal Restraint of* MANSOUR
HEIDARI, *Respondent.*

*Daniel T. Satterberg, Prosecuting Attorney,* and *Ann Marie Summers, Deputy,* for petitioner.

*David B. Koch* (of *Nielsen, Broman & Koch PLLC*), for respondent.

¶1 ALEXANDER, J.[*] — We granted the State's motion to review a decision of the Court of Appeals in which that court granted Mansour Heidari's personal restraint petition and vacated his second degree child molestation conviction. In doing so, the Court of Appeals declined the State's request to direct entry of a judgment for the lesser included offense of attempted second degree child molestation. We affirm the Court of Appeals.

## I

¶2 At a jury trial in King County Superior Court, Heidari was found guilty of first degree child rape, second degree child molestation, and third degree child molestation. The Court of Appeals thereafter affirmed the convictions in an unpublished opinion, *State v. Heidari*, noted at 125 Wn. App. 1009, 2005 WL 91696, 2005 Wash. App. LEXIS 111. This court denied review. *State v. Heidari*, 155 Wn.2d 1008, 122 P.3d 912 (2005). Heidari then filed a motion in the superior court for relief from the judgment and sentence under CrR 7.8. The superior court referred that motion to the Court of Appeals as a personal restraint petition. CrR 7.8(c)(2).

¶3 Heidari argued at the Court of Appeals that the evidence supporting his second degree child molestation conviction was insufficient as a matter of law because his victim had avoided sexual contact with Heidari. The record showed that Heidari's niece, B.Z., testified that when she was in the sixth grade she was playing with her aunt's makeup in Heidari's bedroom when Heidari emerged from the bathroom wearing only a robe.[1] The child said that Heidari sat on the edge of the bed and told her to "come over" here, pulling her leg toward him. *In re Pers. Restraint of Heidari*, 159 Wn. App. 601, 603, 248 P.3d 550 (2011).

---

[*] Justice Gerry L. Alexander is serving as a justice pro tempore of the Supreme Court pursuant to Washington Constitution article IV, section 2(a).

[1] Heidari was married to B.Z.'s aunt.

According to B.Z., Heidari removed his robe, exposing his penis. Heidari then put his hand on B.Z.'s head and tried to press her mouth onto his penis. B.Z. said that she managed to move her head to the side and then ran out of the bedroom. It was clear from her testimony that the child's mouth never touched Heidari's penis.

¶4 The State conceded that there was no evidence of "sexual contact"[2] but contended that the Court of Appeals should direct the superior court to enter a judgment on the lesser included offense of attempted second degree child molestation. As support for its contention, the State cited *State v. Garcia*, 146 Wn. App. 821, 830, 193 P.3d 181 (2008) ("when an appellate court finds the evidence insufficient to support a conviction for the charged offense, it will direct a trial court to enter judgment on a lesser degree of the offense charged when the lesser degree was necessarily proved at trial"). The Court of Appeals declined the State's request, concluding that it lacked the authority to direct the entry of a lesser included offense because the jury had not been instructed on that offense. *Heidari*, 159 Wn. App. at 616. Based on this conclusion, the Court of Appeals granted Heidari's personal restraint petition and vacated his second degree child molestation conviction. The State then filed a motion at this court for discretionary review. We granted the motion.

II

¶5 This case concerns the power of an appellate court under RAP 12.2 to "reverse, affirm, or modify the decision being reviewed and take any other action as the merits of

---

[2] RCW 9A.44.086(1) provided, "A person is guilty of child molestation in the second degree when the person has, or knowingly causes another person under the age of eighteen to have, *sexual contact* with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." (Emphasis added.) " 'Sexual contact' " is defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

the case and the interest of justice may require." We review the interpretation of a court rule de novo. *State v. Robinson*, 153 Wn.2d 689, 693, 107 P.3d 90 (2005).

### III

¶6 The State asserts that the Court of Appeals erred in holding that it lacked the authority to direct the entry of judgment of the lesser included offense of attempted second degree child molestation because the jury was not instructed on that crime. The Court of Appeals based its decision on our opinion in *State v. Green*, 94 Wn.2d 216, 234, 616 P.2d 628 (1980), where we said, "In general, a remand for simple resentencing on a 'lesser included offense' is only permissible when the jury has been explicitly instructed thereon." On prior occasions, the Court of Appeals has not, however, adhered to our statement in *Green*. Indeed, in one case it dismissed the statement as "dictum, . . . unsupported by any citation to authority" and indicated that "the dispositive issue should *not* be whether the jury was instructed on the lesser included offense, but rather whether the jury necessarily found each element of the lesser included offense in reaching its verdict on the crime charged." *State v. Gilbert*, 68 Wn. App. 379, 384-85, 842 P.2d 1029 (1993) (footnote omitted). Consistent with that view, in *State v. Gamble*, 118 Wn. App. 332, 336, 72 P.3d 1139 (2003), *aff'd in part, rev'd in part on other grounds*, 154 Wn.2d 457, 114 P.3d 646 (2005), after vacating the defendant's felony murder conviction in accordance with *In re Personal Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002), the court directed the entry of judgment of the lesser included offense of first degree manslaughter, notwithstanding the fact that the jury had not been instructed on that offense. *See also State v. Brown*, 50 Wn. App. 873, 878-79, 751 P.2d 331 (1988); *State v. Plakke*, 31 Wn. App. 262, 267, 639 P.2d 796 (1982), *overruled on other grounds by State v. Davis*, 35 Wn. App. 506, 667 P.2d 1117 (1983).

¶7 It should be noted first that this court did cite authority for our statement in *Green*, including many decisions of the Court of Appeals that preceded the Court of Appeals' decision in *Gilbert*. But, even if we had not cited authority for our holding, the Court of Appeals is not relieved from the requirement to adhere to it. Furthermore, contrary to the assertion in *Gilbert*, the statement in *Green* that "remand for simple resentencing on a 'lesser included offense' is only permissible when the jury has been explicitly instructed thereon" was not dictum. We say that because it was one of two reasons given for the holding of this court. In *Green*, our court was reviewing a case in which a jury found the defendant guilty of aggravated first degree murder for the stabbing death of an eight-year-old girl. On review, we determined that there was insufficient evidence that the defendant had murdered the girl in the course of kidnapping her. Because the verdict form did not require the jury to find unanimously that the murder had occurred in the course of first degree kidnapping or first degree rape, we were unable to say that the alternative means of first degree rape had been established beyond a reasonable doubt and, therefore, reversed the defendant's conviction.

¶8 Relevant to the issue before us, we rejected the State's request in *Green* that we remand for sentence on the lesser included offense of first degree murder. In doing so, we stated the following:

> In the case at hand the jury was not instructed on the subject of a "lesser included offense". In general, a remand for simple resentencing on a "lesser included offense" is only permissible when the jury has been explicitly instructed thereon. *Based upon the giving of such an instruction* it has been held that the jury necessarily had to have disposed of the elements of the lesser included offense to have reached the verdict on the greater offense.

*Green*, 94 Wn.2d at 234 (citing *State v. Jones*, 22 Wn. App. 447, 454, 591 P.2d 796 (1979); *State v. Martell*, 22 Wn. App. 415, 419, 591 P.2d 789 (1979); *State v. Liles*, 11 Wn. App.

166, 171-73, 521 P.2d 973 (1974); *People v. Codding*, 191 Colo. 168, 551 P.2d 192 (1976); *United States v. Thweatt*, 140 U.S. App. D.C. 120, 128, 433 F.2d 1226 (1970); *Austin v. United States*, 127 U.S. App. D.C. 180, 193, 382 F.2d 129 (1967)). We went on to say, "In addition, it is clear a case may be remanded for resentencing on a 'lesser included offense' only if the record discloses that the trier of fact expressly found each of the elements of the lesser offense." *Id.* at 234-35. We explained that there was "no such clear disclosure" in the record because it was "impossible to know whether the jury determined unanimously that the element of rape had been established beyond a reasonable doubt." *Id.* at 235. Since neither requirement was met, we held that we could not remand for resentencing on the lesser included offense. The fact that the issue might have been resolved on the basis of the second requirement alone does not mean that the first requirement was mere dictum. As the Court of Appeals recognized below, *Green* dictates the outcome of this appeal.

¶9 Moreover, we are unwilling to abandon the rule we adopted in *Green*. *Green* applies only to situations in which the prosecution pursued an "all or nothing" strategy. Thus, the State can easily avoid the force of *Green* by requesting a lesser included offense instruction at trial. On the other hand, jettisoning *Green* would be harmful to defendants because if jurors are not asked to decide the defendant's guilt or innocence on a lesser included offense, the defendant is denied the opportunity of defending against such a charge and might forgo strategies, arguments, and the presentation of evidence relative to that charge.

¶10 Finally, even if we were inclined to overrule our decision in *Green*, it would still be improper to direct the entry of judgment of the lesser included offense of attempted second degree child molestation. That is so because the jury did *not* "necessarily [find] each element of the lesser included offense in reaching its verdict on the crime charged." *Gilbert*, 68 Wn. App. at 385. The crime of at-

tempted second degree child molestation requires proof that the defendant acted "with intent." *See* RCW 9A.28-.020(1). Second degree child molestation, however, is a strict liability offense. A person is guilty of that crime "when the person has . . . sexual contact with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." RCW 9A.44.086(1).

¶11 The State points out, however, that we have held that second degree child molestation *implicitly* requires proof of intent. In *State v. Stevens*, 158 Wn.2d 304, 306, 143 P.3d 817 (2006), we observed that " '[s]exual contact' is statutorily defined as 'any touching of the sexual or other intimate parts of a person done *for the purpose of gratifying sexual desire* of either party or a third party.' " *Id.* at 309 (emphasis added) (quoting former RCW 9A.44.010(2) (2005)). We reasoned, then, that "[i]n order to prove 'sexual contact,' the State must establish that the defendant acted with a purpose of sexual gratification. Thus, while sexual gratification is not an explicit element of second degree child molestation, the State must prove a defendant acted for the purpose of sexual gratification." *Id.* at 309-10. Accordingly, we held that "[i]ntent is relevant to the crime of second degree child molestation because it is necessary to prove the element of sexual contact." *Id.* at 310.

¶12 The State equates the intent necessary to commit attempted second degree child molestation with the "purpose of sexual gratification" component of the "sexual contact" element. But proof of that very element was lacking. Here, the State concedes that there was no "sexual contact" because there was no "touching of the sexual or other intimate parts of a person." We are willing for the sake of argument to split the "sexual contact" element, retaining the "purpose of sexual gratification" component while eliminating the unproven component of "touching . . . the sexual or other intimate parts of a person." In that case,

we can say that the jury necessarily found that Heidari acted with the "purpose of gratifying [his] sexual desire" with a person "who [was] at least twelve years old but less than fourteen years old and not married to the perpetrator." But for us to say that this is the same as taking a substantial step toward the commission of second degree child molestation with intent to commit that crime would be an improper invasion by this court of the jury's province. *See State v. Symes*, 17 Wash. 596, 599, 50 P. 487 (1897).

## Conclusion

¶13 In sum, we reaffirm our decision in *Green* and hold that the Court of Appeals properly declined to direct the entry of judgment of the lesser included offense of attempted second degree child molestation. The Court of Appeals is, therefore, affirmed.

C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, and WIGGINS, JJ., concur.

¶14 J.M. JOHNSON, J. (concurring/dissenting) — I agree with the majority that the jury in this instance did not necessarily find every element of attempted second degree child molestation. This was true because the crime charged (molestation of a child) did not require a finding of specific intent. However, the majority has written too broadly. We decide only that a conviction of a lesser crime may not be entered here. In most cases, with different charged crimes, such resolution is available.

¶15 The law in Washington allows an appellate court to direct the entry of judgment for a lesser included offense (1) where the jury necessarily found every element of the lesser included offense in reaching its verdict and (2) the defendant is not unduly prejudiced. Whether or not the jury was instructed on the lesser included offense is not alone dispositive. This lawful practice of entering a conviction on

a lesser crime also has the significant coincidental benefit of not forcing victims to endure another trial.

¶16 Washington Rules of Appellate Procedure (RAP) provide appellate courts with the authority to "reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require." RAP 12.2. This rule echoes *Hill's Code of Procedure* section 1429, which was approved by the legislature in 1891: "The supreme court may affirm, reverse or modify any judgment or order appealed from, and may direct the proper judgment to be entered, or direct a new trial or further proceedings to be had." Laws of 1891, ch. 146, § 28, at 349. For over a century, our courts have interpreted this language to give appellate courts the power to direct the entry of judgment for a lesser included offense when the evidence is insufficient to sustain a conviction on the greater charge but the jury necessarily found all the elements of the lesser offense by convicting the defendant. *See State v. Freidrich*, 4 Wash. 204, 225, 29 P. 1055, 30 P. 328, 31 P. 332 (1892) (vacating a first degree murder conviction for lack of evidence of premeditation and remanding "with instructions to enter a new judgment of murder in the second degree"). This long standing practice has been explicitly approved by the United States Supreme Court. *See Rutledge v. United States*, 517 U.S. 292, 306, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996) (Federal appellate courts "have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense. This Court has noted the use of such a practice with approval." (citations omitted)).

¶17 In this case, the State conceded there was insufficient evidence of "sexual contact" to support Mansour Heidari's conviction for second degree child molestation and asked the Court of Appeals to direct the entry of judgment for the lesser included offense—attempted second degree child molestation. The Court of Appeals refused, holding

that it lacked the authority because the jury had not been instructed on the lesser offense. *In re Pers. Restraint of Heidari*, 159 Wn. App. 601, 616, 248 P.3d 550 (2011). The court based its conclusion on our statement in *State v. Green*, 94 Wn.2d 216, 234, 616 P.2d 628 (1980): "In general, a remand for simple resentencing on a 'lesser included offense' is only permissible when the jury has been explicitly instructed thereon."

¶18 This qualified language in *Green* has often been disregarded by the Court of Appeals after it was classified as "dictum . . . unsupported by any citation to authority" in *State v. Gilbert*, 68 Wn. App. 379, 384-85, 842 P.2d 1029 (1993) (footnote omitted). However, the majority correctly notes that *Green* did provide citations after the next sentence. *See Green*, 94 Wn.2d at 234 (citing *State v. Jones*, 22 Wn. App. 447, 454, 591 P.2d 796 (1979); *State v. Martell*, 22 Wn. App. 415, 419, 591 P.2d 789 (1979); *State v. Liles*, 11 Wn. App. 166, 171-73, 521 P.2d 973 (1974); *People v. Codding*, 191 Colo. 168, 551 P.2d 192 (1976); *United States v. Thweatt*, 140 U.S. App. D.C. 120, 128, 433 F.2d 1226 (1970); *Austin v. United States*, 127 U.S. App. D.C. 180, 193, 382 F.2d 129 (1967)). In most of the cited cases, where an appellate court ordered a conviction reduced to a lesser included offense, instructions had been given to the jury regarding the lesser offense. But these cases do not hold or imply that a jury instruction on the lesser offense is *required* before an appellate court may order this remedy. At most, they demonstrate that *in most cases* where this remedy was ordered a jury instruction was given below.

¶19 *Green* went on to state, *"Based on the giving of such an instruction* it has been held that the jury necessarily had to have disposed of the elements of the lesser included offense to have reached the verdict on the greater offense." 94 Wn.2d at 234. But, "[a] jury is generally instructed not to return a verdict on a lesser included offense once it has found the defendant guilty of the greater offense." *Rutledge*, 517 U.S. at 306 n.16. This is the law in Washington. When a

lesser included offense is submitted to the jury, the jury is instructed to consider the greater crime first and render a verdict if it unanimously agrees the defendant is guilty. 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 155.00, at 626 (3d ed. 2008). If the jury reaches a unanimous verdict that the defendant is guilty of the greater crime, there is no reason to consider the lesser offense. *Green* gives no explanation why an appellate court's authority to remand for sentencing on a lesser included offense should depend upon whether the jury was instructed on a charge it did not even consider. The majority offers no more guidance.

¶20 Furthermore, the statement at issue in *Green* was not essential to the outcome. In *Green*, the defendant was convicted of aggravated first degree murder based upon an allegation he murdered the eight-year-old victim in the course of a rape or kidnapping. *Green*, 94 Wn.2d at 222. We held there was insufficient evidence to support the conviction if it was based on kidnapping. *Id.* at 230. Because the verdict form did not require the jury to specify whether it found the death occurred in the course of first degree kidnapping or first degree rape, it was impossible to know if the jury based its verdict upon a unanimous determination that he committed rape. *Id.* at 233. The State requested the court remand for sentencing on the lesser included offense of first degree murder, but that crime was also dependent upon proof of rape. *Id.* at 234-35. Therefore, even if the jury had been instructed on the lesser included offense in *Green*, Green's conviction required reversal because there was no "clear disclosure" in the record that the "trier of fact expressly found each of the elements of the lesser offense." *Id.* at 235.

¶21 The appropriate outcome in Heidari's case does not require overruling *Green*, as the majority suggests. We need only acknowledge the *Green* court was not absolute; thus the analysis was worded in qualified terms. *See id.* at 234 (*"In general, . . .* simple resentencing on a 'lesser included

offense' is only permissible when the jury has been explicitly instructed thereon." (emphasis added)).

¶22 Interestingly, two cases relied upon by *Green* came out of the District of Columbia Circuit, including *Austin*, 382 F.2d at 142.[3] While the jury in *Austin* was given a "skimpy" instruction on the lesser included offense, the court in that case did not hold the jury instruction was essential to conviction. *See id.* at 137, 142-43. Instead it noted, "This power [to remand for entry of judgment of a lesser included offense] should be exercised only when it is clear that no undue prejudice will result to the accused." *Id.* at 142.

¶23 Since *Austin*, the District of Columbia Circuit has continued to focus on whether prejudice will result to the defendant rather than the technicality of whether a jury instruction was given below. In *Allison v. United States*, the court explained that before an appellate court may remand a criminal judgment for reduction to a lesser included offense,

> [i]t must be clear (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused.

133 U.S. App. D.C. 159, 409 F.2d 445, 451 (1969). Following *Allison*, the District of Columbia Circuit in *Brisbane* determined it had the authority to remand for the entry of

---

[3] A federal appellate court can vacate a conviction unsupported by the evidence and remand for entry of a judgment on a lesser included offense pursuant to 28 U.S.C. section 2106, which contains language similar to Washington's RAP 12.2:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106.

judgment for a lesser included offense even where the jury had not been instructed on the lesser offense: "By convicting Brisbane of distributing 'cocaine base,' the jury necessarily concluded that the drugs involved were some form of cocaine. The jury's conclusion would not have changed *even if the district court had given instructions* directed at subsection (ii) instead of subsection (iii)." *United States v. Brisbane*, 361 U.S. App. D.C. 287, 367 F.3d 910, 915 (2004) (emphasis added).

¶24 The framework articulated by *Allison* has persuaded other jurisdictions to focus on "the nature of the offenses involved and the prejudice to the defendant" rather than whether or not the jury was instructed on the lesser included offense. *United States v. Petersen*, 622 F.3d 196, 206 (3d Cir. 2010) (applying the *Allison* test); *see also Shields v. State*, 722 So. 2d 584, 587 (Miss. 1998) ("[we] adopt the test as set forth in *Allison* and hold that the lesser included offense need not be before the jury in order to apply the direct remand rule"); *United States v. Hunt*, 129 F.3d 739, 746 (5th Cir. 1997) ("the lack of instruction on the lesser included offense was not unduly prejudicial to Hunt"); *United States v. Smith*, 13 F.3d 380, 383 (10th Cir. 1993) (applying *Allison* and suggesting prejudice could arise when the defendant's strategy would differ). In *Rutledge*, the United States Supreme Court also cited the *Allison* formulation with approval. 517 U.S. at 305 n.15. I would follow the *Allison* line of authority here and hold the presence or absence of a jury instruction is only one factor to consider in determining whether a defendant will be prejudiced by an appellate court's remand for judgment on a lesser included offense.

¶25 Here, the majority simply assumes prejudice will result if the jury is not instructed on the lesser included offense:

> [I]f jurors are not asked to decide the defendant's guilt or innocence on a lesser included offense, the defendant is denied the opportunity of defending against such a charge and might

forgo strategies, arguments, and the presentation of evidence relative to that charge.

Majority at 294. This is purely speculation. First, RCW 10.61.003 and 10.61.006 provide a defendant with notice that a defendant may be convicted at trial on the charged offense or any lesser included offense. Second, it is frequently not the case that submitting a lesser included offense to the jury will change the defendant's trial strategy. *See Allison*, 409 F.2d at 451 ("[W]e perceive no possible prejudice to appellant as a result of our disposition. . . . There is no indication that defense presentation would have been altered had the [greater offense] been dismissed at the close of the Government's case."); *Smith*, 13 F.3d at 383 ("Mr. Smith has not offered the slightest suggestion of how the defense might have differed. Defense counsel already had a duty to explore all of Mr. Smith's valid defenses in this case."). Third, as discussed above, if the jury finds the defendant guilty of the greater charge, the jury does not even consider any lesser offenses. If no prejudice results, appellate courts should be permitted to exercise their authority as set forth above. The majority offers no reason to disallow the practice based solely on whether a jury instruction was given.

CONCLUSION

¶26 I would recognize what has long been our law. An appellate court's authority to direct the entry of judgment for a lesser included offense does not depend on whether the jury was instructed on that offense, but on whether the jury necessarily found each element of the lesser included offense in reaching its verdict. Whether a jury instruction was given is just one factor to consider when determining whether the defendant would be unduly prejudiced by this remedy. I concur in the result because in this case the jury did not necessarily find the specific intent required for a

conviction of an attempt crime when it convicted Heidari of second degree child molestation.

MADSEN, C.J., and STEPHENS, J., concur with J.M. JOHNSON, J.