FILED
COURT OF APPEALS
DIVISION II

2014 JAN 22 AM 9: 18

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43813-5-II |
| Respondent, | |
| v. | |
| TRAVIS WADE NEWSOME, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — Travis Wade Newsome appeals his conviction of residential burglary. Newsome previously appealed his first degree burglary conviction. We reversed the jury's verdict and remanded for further proceedings. On remand, the trial court granted the State's motion to convict and sentence Newsome for residential burglary. Newsome argues that the court erred by granting the State's motion and convicting him of residential burglary because residential burglary is not a lesser included offense of first degree burglary. The State concedes error. We accept the State's concession.

Newsome's conviction of residential burglary is reversed, and this matter is remanded for conviction and sentencing for a lesser included offense of the greater offense, first degree burglary, or retrial on the alternate charge of residential burglary.

FACTS

At his jury trial, Newsome pleaded not guilty to first degree burglary. The trial court instructed the jury to convict Newsome on first degree burglary if it found beyond a reasonable doubt that Newsome (1) entered or remained unlawfully in a building[1] (2) with the intent to commit a crime against a person or property therein (3) while being armed with a deadly weapon when entering, remaining in, or fleeing from the building and (4) any of these acts occurred in the State of Washington. If the jury did not convict Newsome of first degree burglary, the jury was instructed to make findings on the alternate charge of residential burglary. After deliberating, the jury convicted Newsome of first degree burglary and did not fill in the verdict form for the residential burglary charge.

Newsome appealed his conviction of first degree burglary. This court reversed the first degree burglary conviction and remanded for further proceedings. In its opinion, this court recognized that the State might initiate further proceedings, including either a retrial on the alternate charge of residential burglary or a motion to convict and sentence on a lesser included offense.

On remand, the State asked the trial court to convict and sentence Newsome for residential burglary, claiming that in this case residential burglary is a lesser included offense of Newsome's first degree burglary conviction because the jury was instructed on residential burglary and the facts show the structure Newsome entered was both a building and a dwelling. The trial court granted the State's motion and convicted Newsome of residential burglary,

---

[1] Jury instruction defined "[b]uilding" as, "in addition to its ordinary meaning, any dwelling, fenced area, vehicle, railway car, or cargo container. Building also includes any other structure used mainly for lodging of persons, for carrying on business therein or for the use, sale or deposit of goods." Clerk's Papers (CP) at 56.

reasoning that a new trial on the charge of residential burglary was not necessary because the facts were so clear in this case that the jury had to have found the victim lived in the building.

Newsome appeals, pointing out that residential burglary requires proof of entry into a dwelling and that first degree burglary, as charged here, does not. Thus Newsome argues his current conviction should be reversed because it was not for a lesser included offense of his original conviction.

## ANALYSIS

On remand, a court may convict and sentence a defendant to an offense without holding a new trial if the record clearly shows the jury made explicit findings as to all of the necessary elements of a lesser included crime. *In re Pers. Restraint of Heidari*, 174 Wn.2d 288, 292, 274 P.3d 366 (2012) (quoting *State v. Green*, 94 Wn.2d 216, 234, 616 P.2d 628 (1980)). A lesser offense is only included in a greater offense when each of the elements of the lesser offense is an element of the greater offense, the legal prong, and the evidence supports an inference that the defendant committed the lesser crime, the factual prong. *State v. Stevens*, 158 Wn.2d 304, 310, 143 P.3d 817 (2006) (citing *State v. Gamble*, 154 Wn.2d 457, 462-63, 114 P.3d 646 (2005)). For residential burglary to be a lesser included offense of first degree burglary in any particular case, the legal and factual prongs of a lesser included offense test must be satisfied.

The legal prong is not met in this case because the jury instruction on first degree burglary did not require the jury to find every legal element of residential burglary. Whether a building constitutes a dwelling is an element that the jury must determine. *State v. McDonald*, 123 Wn. App. 85, 91, 96 P.3d 468 (2004). The jury found each element of first degree burglary and consistent with its instructions, the jury did not make any findings on residential burglary.

3

Thus, the jury did not decide whether the building Newsome entered was a dwelling.[2] The trial court erred by convicting and sentencing Newsome for residential burglary on remand because the jury did not find beyond a reasonable doubt Newsome entered a dwelling.

Newsome's conviction of residential burglary is reversed, and this matter is remanded for conviction and sentencing for a lesser included offense of the greater offense, first degree burglary, or retrial on the alternate charge of residential burglary.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

_____<br>Penoyar, J.

We concur:

_____
Johanson, A.C.J.

_____
Maxa, J.

---

[2] Jury instruction defined "[d]welling" as "any building or structure which is used or ordinarily used by a person for lodging." CP at 57.