FILED
COURT OF APPEALS
DIVISION II

2015 MAY -5 AM 9: 25

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44133-1-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| KENNETH COUNT BERGMAN, | |
| Appellant. | |

BJORGEN, A.C.J. — A jury convicted Kenneth Count Bergman of second degree burglary based on his attempt to remove metal from the grounds of a metal recycler. Bergman appeals, challenging the sufficiency of the evidence. Bergman also submits a pro se statement of additional grounds for review under RAP 10.10. Because the area Bergman entered did not qualify as a "building" within the meaning of the burglary statute, RCW 9A.52.030, as interpreted by our Supreme Court, we reverse and remand for dismissal of the burglary charge with prejudice.

FACTS

An employee of a metal recycling plant called 911 after observing surveillance camera images of two men removing buckets from a portion of the plant's grounds. Responding officers detained Bergman and another man, Michael Hall, nearby. Officers found the buckets still on the premises, in an open area accessible from the sidewalk. The State ultimately charged Bergman with one count each of theft and burglary, both in the second degree.

At trial, the State's evidence established that the portion of the grounds from which the surveillance images show Bergman removing the buckets was a paved area largely surrounded by two buildings, a chain link fence that encloses much of the rest of the plant's grounds, and a barrier composed of stacks of large cement blocks.[1] A driveway between one of the buildings and the cement block barrier provided access to the yard, but the recycler placed in the driveway several 20- to 30-foot long "roll-off boxes to block that road from individuals . . . driving in." Verbatim Report of Proceedings (VRP) at 122-23.

The undisputed testimony and photographic evidence established, however, that a person could walk into the yard between the roll-off boxes and one of the buildings along a passage partially obstructed by plants and various pieces of detritus. The surveillance video and Hall's testimony established that Bergman accessed the yard via this passageway.

The jury returned verdicts of guilty on the burglary charge and not guilty on the theft charge. Bergman timely appeals.

---

[1] We refer to this area as the "yard" or "storage yard."

2

ANALYSIS

After setting forth the standard of review, we address Bergman's challenge to the sufficiency of the evidence. Reversing on that ground, we do not reach the issues in his statement of additional grounds.

I. STANDARD OF REVIEW

An appellate court considering whether sufficient evidence supports a criminal conviction must "view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009). The meaning of a statute presents a question of law reviewed de novo. *Engel*, 166 Wn.2d at 576. Where a conviction rests on insufficient evidence, the remedy is to reverse and remand for dismissal of the charge with prejudice. *Engel*, 166 Wn.2d at 581; *State v. DeVries*, 149 Wn.2d 842, 845, 72 P.3d 748 (2003).

II. SUFFICIENCY OF THE EVIDENCE

RCW 9A.52.030(1) provides that "[a] person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.04.110(5) defines "[b]uilding" as including "any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods."

3

The parties dispute only whether the storage yard qualifies as a "fenced area" within the meaning of RCW 9A.04.110(5).[2] Br. of Appellant at 5-12, Br. of Resp't at 7-16. In *Engel*, 166 Wn.2d at 578-81, our Supreme Court interpreted this term in light of common law concepts consistent with the statute, as RCW 9A.04.060 directs. The court declined to find the term ambiguous and based its holding on the law's "plain meaning." *Engel*, 166 Wn.2d at 579-80.

A combination of fencing, piles of rock and gravel, and embankments "encased" the property at issue in *Engel*. 166 Wn.2d at 574-75. The State argued there that the "fenced area includes an area partially enclosed by a fence, where topography and other barriers combine with the fence to close off the area to the public." *Engel*, 166 Wn.2d at 578. The court disagreed, stating:

> [the]"fenced area" is limited to the curtilage of a building or structure that itself qualifies as an object of burglary (as defined in RCW 9A.04.110(5)). The curtilage is an area that is *completely enclosed* either by fencing alone or . . . a combination of fencing and other structures.

*Engel*, 166 Wn.2d at 580 (emphasis added). In rejecting the State's argument, the *Engel* court noted that

> [u]nder the State's interpretation, would-be petty criminals who trespass might be liable for burglary even if the property line at their point of entry were unfenced and unmarked, . . . even if the property were such that they could enter and remain without being aware that it was fenced.

166 Wn.2d at 580.

---

[2] The State argued in the trial court that the yard might also qualify as a structure used for carrying on business, and the court instructed the jury accordingly. The State properly abandons that argument here. The storage yard does not qualify as a structure under the burglary statute's definition of building: it was not "'constructed or built'" and has no roof or permanent walls, other than the walls of the two adjacent buildings. *See State v. Johnson*, 132 Wn. App. 400, 408, 132 P.3d 737 (2006) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2267 (1969)).

The State contends it presented sufficient evidence here to support the element, even though fencing and other structures did not completely enclose the yard, because (1) a reasonable juror "could conclude that the gaps were unsubstantial [sic]," Brief of Respondent at 16, and (2) the barriers and "[n]o [t]respassing" signs sufficed "to alert [Bergman] that the property was not open to the public," Brief of Respondent at 14. We find neither contention persuasive.

As for the first, the photographic evidence and uncontroverted testimony establish that Bergman passed through a gap easily wide enough to accommodate a person: only plants and debris made access somewhat difficult.[3] Even assuming that the roll-off boxes qualify as "fencing" or "structures," the plants and piles of debris plainly do not: they instead fall within the categories of barriers the *Engel* court held insufficient. *Engel*, 166 Wn.2d at 574-75, 580.

The second contention overlooks the fact that the *Engel* court's concern involved "would-be petty criminals who trespass." 166 Wn.2d at 580. That the signs and obstructions notified Bergman that he did not have permission to enter thus has no bearing on that concern: the *Engel* court clearly assumed that its hypothetical petty criminals would realize from the circumstances that entry onto the property was prohibited.

We hold that the yard did not qualify as a "fenced area" within the plain meaning of RCW 9A.04.110(5). Under *Engel*, to convict Bergman of burglary rather than merely a criminal trespass offense, the State had to prove that he entered an area "completely enclosed" by "a combination of fencing and other structures." 166 Wn.2d at 580. Instead, the State showed that Bergman entered the yard through a walkway partially obstructed only by plants and debris.

---

[3] Even with the obstructions, the State's photographs clearly show a space wide enough for a person to walk into the yard without significant difficulty.

5

As discussed, where a conviction rests on insufficient evidence, the remedy is generally to reverse and remand with instructions to dismiss the charge with prejudice. *DeVries*, 149 Wn.2d at 845. Under certain circumstances, RAP 12.2 authorizes us to remand for entry of a conviction on an included offense, but here we may not because the State did not request, and the trial court did not give, jury instructions on any included offense. *See In re Pers. Restraint of Heidari*, 174 Wn.2d 288, 292-96, 274 P.3d 366 (2012).

We reverse and remand for dismissal of the burglary charge with prejudice. Resolving the appeal on this ground, we do not reach the issues raised in Bergman's statement of additional grounds.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J.

We concur:

WORSWICK, J.

SUTTON, J.