
## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75962-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY LEE BECKWITH, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: May 14, 2018 |
| | ) | |

Cox, J. – Anthony Beckwith appeals his conviction for first degree criminal trespass, arguing that the trial court should have dismissed the residential burglary charge at the end of the State's case in chief. Because the jury was instructed on the lesser included offense of criminal trespass, and the evidence was sufficient to prove that Beckwith committed that crime, we affirm his conviction.

Bellingham police officers responded to a call from Cynthia Bach that she had seen unknown people in a house that she had rented to tenants who were out of town. While driving by the house, Bach had seen that the back door was wide open and that the window on that door was broken. When officers knocked on the front door of the house, Beckwith answered.

Beckwith first told the officers that he rented the house and then he said that he was watching the house for his friend. He told officers that he could not

remember the name of the friend. In addition to Beckwith, there were five people in the house.

Inside the house, officers found drug paraphernalia and garbage. In addition, a toilet on the second floor was broken. The State charged Beckwith with one count of first degree residential burglary.

At the end of the State's case in chief, Beckwith moved for a directed verdict based on insufficient evidence. The trial court denied the motion, and the jury was instructed on residential burglary as well as the lesser included offense of first degree criminal trespass. The jury convicted Beckwith of first degree criminal trespass, and he was sentenced accordingly.

Beckwith appeals.

## SUFFICIENCY OF THE EVIDENCE

Beckwith argues that the trial court abused its discretion in denying his motion for a directed verdict because there was insufficient evidence to support a conviction for residential burglary. He specifically claims that the State failed to present sufficient evidence for the jury to infer that he entered or remained in the house with the intention to commit a crime therein.[1] We hold there was sufficient evidence to convict him based on the jury verdict on first degree criminal trespass.

---

[1] See RCW 9A.52.025(1).

"A sufficiency challenge admits the truth of the State's evidence and accepts the reasonable inferences to be made from it."[2] On review, we will consider both circumstantial and direct evidence as equally reliable and defer to the trier of fact on issues of conflicting testimony, witness credibility, and the persuasiveness of the evidence.[3] "We will reverse a conviction 'only where no rational trier of fact could find that all elements of the crime were proved beyond a reasonable doubt.'"[4]

To convict Beckwith of residential burglary, the State had to prove beyond a reasonable doubt that Beckwith entered or remained unlawfully in a dwelling "with intent to commit a crime against a person or property therein."[5] But, Beckwith was not convicted of residential burglary. Instead, the jury convicted him of the lesser included offense of first degree criminal trespass.

To convict Beckwith of first degree criminal trespass, the State had to prove beyond a reasonable doubt that he "knowingly enter[ed] or remain[ed] unlawfully in a building."[6] Beckwith does not argue that there was insufficient evidence to prove that he knew he did not have permission to enter or remain in the house. Instead, he argues that because the trial court should have dismissed

---

[2] State v. O'Neal, 159 Wn.2d 500, 505, 150 P.3d 1121 (2007).

[3] State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

[4] State v. Fedorov, 181 Wn. App. 187, 194, 324 P.3d 784 (2014) (quoting State v. Smith, 155 Wn.2d 496, 501, 120 P.3d 559 (2005)).

[5] RCW 9A.52.025(1).

[6] RCW 9A.52.070.

the residential burglary charge with prejudice, his conviction for criminal trespass must be vacated. We disagree.

In a criminal case, a defendant has multiple opportunities to challenge the sufficiency of the evidence: before trial, after the State puts on its case in chief, at the end of all the evidence, after the verdict, and on appeal.[7] But after a verdict, this court will only review the sufficiency of evidence supporting that verdict, not the propriety of the denial of the motion to dismiss.[8]

In his reply brief, Beckwith relies on State v. Devitt as support for his contention that this court should consider whether there was sufficient evidence to support a conviction for residential burglary at the close of the State's case.[9] His reliance is misplaced because in Devitt, the jury convicted Steven Devitt of the crime of residential burglary.[10] Therefore, the appellate court did not consider the propriety of the trial court's ruling on Devitt's directed verdict motion but instead whether sufficient evidence supported his conviction.[11]

Beckwith argues that despite the jury verdict on criminal trespass, this court should consider the propriety of the trial court's denial of his motion for directed verdict because, "at no time during [his] motion . . . did the State ask the

_____

[7] State v. Jackson, 82 Wn. App. 594, 607-08, 918 P.2d 945 (1996).

[8] Id. at 608; see State v. Johnston, 100 Wn. App. 126, 132-33, 996 P.2d 629 (2000).

[9] 152 Wn. App. 907, 913, 218 P.3d 647 (2009).

[10] Id. at 910.

[11] Id. at 913.

court to make an explicit finding that the elements of the uncharged offense of trespass had been proven beyond a reasonable doubt." We are unpersuaded.

In considering Beckwith's motion for directed verdict, the trial court stated its understanding "that the criminal trespass in the first degree would be a lesser included, and the only difference in the elements would be an intent to commit a crime against a person and property."[12] It observed that the State had "clearly" established a trespass, or "at least enough evidence to go to the jury with a trespass." Beckwith did not object to the trial court's observation about criminal trespass but instead informed the trial court that he was putting "forward the defense on the criminal trespass that the State has to prove the reasonableness of that." He also proposed a jury instruction on criminal trespass.

The State did not need to ask the trial court to explicitly find the elements of criminal trespass because the trial court observed that the State had established those elements sufficiently to go to the jury. And Beckwith did not object, but instead acknowledged that the State would have to prove the elements of criminal trespass.

## JURY INSTRUCTIONS

Beckwith also argues that his conviction must be reversed because the State pursued an "all or nothing approach" by arguing only the elements of residential burglary. He argues that he was never charged with criminal trespass

---

[12] See State v. Stevens, 158 Wn.2d 304, 310, 143 P.3d 817 (2006).

and the State failed to request the lesser included instruction, so his conviction on that offense must be set aside. We again disagree.

Although the State never charged Beckwith with criminal trespass, RCW 10.61.006 provides that a "defendant may be found guilty of an offense the commission of which is necessarily included within that with which he or she is charged in the indictment or information."[13] "In such instances, the State does not have to notify the defendant that he may be convicted of the lesser included offense."[14] Here, the trial court's discussion when considering Beckwith's directed verdict motion, and the statements of Beckwith's counsel during that time, show that Beckwith had ample notice he could be found guilty of first degree criminal trespass even though the State never charged him with that crime.

In addition, although the State never requested a jury instruction on criminal trespass, the jury was instructed on the elements of that crime. Under RCW 10.61.006 either the defendant or the State may "present a lesser included offense to the jury."[15] "[W]hether to request a jury instruction on lesser included offenses is a tactical decision" and the defendant may decide whether to pursue an all or nothing approach.[16]

---

[13] See State v. Gallegos, 65 Wn. App. 230, 234, 828 P.2d 37 (1992).

[14] State v. Taylor, 90 Wn. App. 312, 322, 950 P.2d 526 (1998).

[15] State v. Witherspoon, 180 Wn.2d 875, 886, 329 P.3d 888 (2014).

[16] Id.

Here, it was Beckwith who made the tactical decision not to pursue an "all or nothing approach" by requesting the criminal trespass instruction. Also, during closing arguments, Beckwith's counsel argued that the evidence at most supported a conviction for criminal trespass.

By failing to object when the trial court observed that there was sufficient evidence of first degree criminal trespass to go to the jury, agreeing that the State would have to prove the elements of that crime, requesting a jury instruction on criminal trespass, and arguing that the evidence at most supported a conviction for that crime, Beckwith made it clear that he had made the tactical decision not to pursue an all or nothing strategy.[17] Thus, he waived any objection to the jury's consideration of the criminal trespass charge.

Finally, because the jury was instructed on criminal trespass, Beckwith's reliance on In re Heidari is misplaced.[18] In Heidari, Mansour Heidari's conviction for second-degree child molestation was reversed due to insufficient evidence.[19] The supreme court held that remand for entry of a conviction on a lesser offense of attempted child molestation was barred because the jury had not been explicitly instructed on the lesser offense.[20] But here, the jury was explicitly instructed on criminal trespass.

---

[17] Id.

[18] 174 Wn.2d 288, 274 P.3d 366 (2012).

[19] Id. at 290-91.

[20] Id. at 293-94.

In sum, Beckwith presented his arguments regarding first degree criminal trespass during his closing, the jury was instructed on the State's burden to prove that crime, and it convicted Beckwith of that crime. Therefore, he may only challenge the sufficiency of the evidence in support of that conviction.[21] Considering the evidence in the light most favorable to the State, substantial evidence supports beyond a reasonable doubt the jury's verdict that Beckwith committed the crime of first degree criminal trespass.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Mann, A.C.J._

_Becker, J._

---

[21] See State v. Allen, 116 Wn. App. 454, 465 n.6, 66 P.3d 653 (2003).