IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36275-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TARESSA MAE MARCHAND, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Taressa Marchand appeals her Okanogan County conviction for first degree criminal trespass, arguing the court's instructions did not require the jury to find facts sufficient for a conviction. This claim of error is well taken. We therefore reverse.

## BACKGROUND

Taressa Marchand was charged with three counts of second degree burglary and one count of residential burglary, in addition to other charges not relevant to this appeal. All of Ms. Marchand's burglary charges pertained to property owned by an individual named Clint Ames. Two of the second degree burglary counts alleged illegal entry into outbuildings owned by Mr. Ames. The other second degree burglary count alleged illegal entry into a fenced-in area on property owned by Mr. Ames. The residential burglary count pertained to Mr. Ames's home.

Ms. Marchand's case proceeded to a jury trial. The court accepted the parties' agreement to instruct the jury on the lesser included offense of criminal trespass for each of the burglary counts. After trial, Ms. Marchand was acquitted of burglary and convicted of four counts of first degree criminal trespass.

Ms. Marchand appeals.

ANALYSIS

Ms. Marchand's only claim on appeal is that her conviction for first degree criminal trespass, as a lesser included offense to count 1, was based on insufficient facts. Count 1 originally charged Ms. Marchand with second degree burglary of a "fenced-in area surrounding the property of Clint Ames." Clerk's Papers (CP) at 39. The jury acquitted Ms. Marchand of this original count, but it convicted her of first degree criminal trespass as a lesser included offense.

The jury was provided the following instruction for the lesser included offense to count 1:

> To convict the defendant of the lesser included crime of Criminal Trespass in the First Degree in count one, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about March 18[th] 2018, the defendant knowingly entered or remained in a building to wit: fenced area surrounding Clint Ames Property at [address of property];
> (2) That the defendant knew that the entry or remaining was unlawful; and

2

(3) That this act occurred in the State of Washington.
If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilt. On the other hand, if, after weighting all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

CP at 381.

As Ms. Marchand correctly points out, first degree criminal trespass in violation of RCW 9A.52.070 does not encompass mere entry into a fenced area. *State v. Joseph*, 189 Wn.2d 645, 652-53, 405 P.3d 993 (2017); *State v. Brown*, 50 Wn. App. 873, 878, 751 P.2d 331 (1988), *abrogated on other grounds by In re Pers. Restraint of Heidari*, 174 Wn.2d 288, 274 P.3d 366 (2012). The offense covers only ordinary structural buildings. *Joseph*, 189 Wn.2d at 653. While the crime of second degree criminal trespass in violation of RCW 9A.52.080 covers fenced areas, first degree criminal trespass does not. *Joseph*, 189 Wn.2d at 653; *Brown*, 50 Wn. App. at 878.

Because mere entry into a fenced area can never constitute first degree criminal trespass, the jury's guilty verdict as to count 1 was invalid. The State claims we should affirm under a theory of harmless error, pointing out Ms. Marchand illegally entered a variety of buildings on Mr. Ames's property on the night of her offense conduct.[1]

---

[1] The State does not request remand for resentencing on the offense of second degree trespass.

No. 36275-2-III
*State v. Marchand*

We reject the State's approach. Ms. Marchand's jury was never asked whether the area trespassed in count 1 included a structural building and not simply a fenced area. For us to sift through the record and try "to discern what a trial showed . . . about the defendant's underlying conduct" would violate Ms. Marchand's rights under the Sixth Amendment to the United States Constitution. *Descamps v. United States*, 570 U.S. 254, 269-70, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); *see also Apprendi v. New Jersey*, 530 U.S. 466, 483-84, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

## CONCLUSION

Ms. Marchand's conviction for first degree criminal trespass as charged in the lesser included offense to count 1 is reversed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

4